## THE PEOPLE *v.* GIBSON.

ON trial for murder, it is error for the Court to instruct the jury that from the mere fact of killing, the law presumes the slayer guilty of murder in the first degree, unless this presumption is rebutted by the evidence.

When the homicide is proved to have been committed by the accused, he must show justification, excuse, or circumstances of mitigation, and unless he does so the law infers he is guilty of murder; but whether murder in the first or second degree must be left to the jury to determine from the circumstances before them characterizing the offense.

In capital cases, Judges ought to confine their instructions to the jury to a few plain principles of law, when counsel do not ask for charges.

APPEAL from the Sixteenth District.

Indictment for murder. The record contains none of the evidence; but from the charge of the Judge it is inferred that the killing was in an affray, and that the defense relied on was self-defense. The only point made in this Court is upon the following portion of the charge to the jury:

"The reasonable doubt which is meant in the law relates to the fact of killing. If the killing is proved to your satisfaction, it is presumed to be murder in the first degree, unless the presumption has been rebutted by the evidence in the case. If the evidence is evenly balanced concerning the mitigation, you must give the weight to the side of the prisoner; but if the evidence in mitigation merely raises a reasonable doubt, and the preponderance is the other way, you cannot give that doubt in favor of the prisoner, for the legal presumption is against him, and the evidence must remove the presumption."

Verdict—guilty of murder in the first degree. Judgment accordingly, and defendant appeals.

*S. B. Axtell and N. Greene Curtis*, for Appellant.

*Thomas H. Williams, Attorney General*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The Court instructed the jury in this case that, from the mere

fact of killing, the law presumed the slayer was guilty of murder in the first degree, unless this presumption was rebutted.    We do not see how this charge can be supported.    The statute (Wood's Digest, 331, sec. 21) is in these words : " Malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart.    All murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, or burglary, shall be deemed murder of the first degree ; and all other kinds of murder shall be deemed murder of the second degree ; and the jury before whom any person indicted for murder shall be tried shall, if they find such person guilty thereof, designate by their verdict whether it be murder of the first or second degree ; but if such person shall be convicted on confession in open Court, the Court shall proceed, by examination of witnesses, to determine the degree of the crime, and give sentence accordingly.    Every person convicted of murder of the first degree shall suffer death ; and every person convicted of murder of the second degree shall suffer imprisonment in the State prison for a term of not less than ten years, and which may extend to life."

Undoubtedly, when a homicide is proved to have been committed by the accused, it rests upon him to show justification, excuse, or circumstances of mitigation ; and this not being shown, the legal inference is that he has committed the crime of murder.    This crime consists in the perpetration of the unlawful act, and the malicious intent.    But these characteristics as well apply to murder in the second as murder in the first degree.    The crime of murder is divided into these two classes, and to the first class is assigned the severest penalty, as being committed under circumstances of the greater aggravation.    Willful, deliberate, premeditated murder, or that committed in the prosecution of or an attempt to perpetrate the felonies described in the statute, constitutes the crime in the first degree.    But we are at a loss to discover the principle or reason which would enable a Court, *from the mere fact* that homicide has ensued, and that it is unexplained, to declare, as matter of

course, that it was accompanied by any of the circumstances which characterize the act as peculiarly atrocious.    The act of killing unexplained is murder ; but the fact of a killing does not *necessarily* show or leave the inference that it was done with such premeditation, and willfulness, and deliberation as constitute murder in the first .degree, or that it was done in the prosecution of a felony. While, therefore, every homicide unexplained is murder, it must be left to the jury to determine, from the circumstances before them, whether the crime is murder in the first or second degree.    It seldom happens that the circumstances in proof do not afford some clue to the character of the offense—as that the deceased was secretly assassinated or robbed, or circumstances of peculiar cruelty or advantage taken, or that the act was done without provocation, etc.    But in the absence of *any* proof characterizing the offense, we do not see that we could take judicial knowledge that the crime was perpetrated under such circumstances as assigned to it the most aggravated character of guilt and the highest degree of punishment.

We suggest that it is better, as a general rule, for the Judges to instruct the jury in capital cases in only a few plain principles of law, when charges are not asked by counsel.    A long, complicated charge, extending over many pages of paper, is calculated rather to confuse than enlighten them as to the law, and besides, furnishes matter from which appeals are taken, and not unfrequently with success, when on the whole case the verdict was right.

Judgment reversed, and cause remanded for a new trial.

See *People* v. *Bealoba, infra.*