25  361
80  126
80  127

## THE PEOPLE v. JOHN FOREN.

MURDER.—One who slays his fellow being with that degree of malice which is implied when no considerable provocation appears to have existed, or which is implied when all the circumstances show an abandoned and malignant heart, is guilty of murder; but the degree of the crime must be determined by the jury from all the circumstances of the case.

MURDER IN FIRST DEGREE, AND MURDER IN THE SECOND DEGREE.—The classification of murder of different degrees into two kinds, does not render the offense of the minor degree less than murder.    It is for the jury to say, under instructions of the Court as to the law, of which degree it is; and if they find that the slayer deliberately resolved before the homicide was committed to kill the deceased, it is murder in the first degree; but if, on the other hand, they find that there was no deliberate, preconceived intention to kill, except that which is implied from the circumstances showing no considerable provocation to have existed, or an abandoned and malignant heart, or that the defendant did not intend the fatal blow to produce death, yet intended the blow, then it is murder in the second degree.

APPEAL from the District Court, Fifteenth Judicial District, Butte County.

The facts are stated in the opinion of the Court.

*L. C. Granger*, for Appellant.

*J. G. McCullough, Attorney-General*, for Respondent.

By the Court, CURREY, J.

The defendant was indicted for the murder of Tim Malony. Both the defendant and the deceased were drunk when the homicide was committed. Under our law drunkenness is no excuse for crime, unless it be occasioned by the fraud, contrivance or force of some other person or persons for the purpose of causing the perpetration of an offense. The homicide was caused by the defendant, who used a knife from the " cupboard," as one witness testified, with which he stabbed the deceased in a vital part of his body, so that he died within a very short time afterward. At the trial the defendant was found guilty of murder in the second degree, and was sentenced by the Court to be imprisoned in the State Prison for the term of fifteen years. The defendant has appealed to this Court from the judgment.

The Court below, in charging the jury, said : " In murder of the second degree malice may be shown, and the law, in case a killing has been proved, will imply malice, unless extenuating circumstances are shown ; but although the law implies malice from the killing alone, yet there must be no mixture of deliberation or premeditation in the act of killing, and there must be no intent to kill in giving the fatal blow, otherwise the crime would be murder in the first degree."

The counsel for the defendant requested the Court to instruct the jury in the following words : " That the difference under our statute between murder in the first and second degrees does not consist in the degree of malice necessary to effect the killing, since in each case malice accomplishes its wicked purpose ; but the difference consists in the amount or degree of deliberation beforehand with which the malice effects its fell purpose. The same kind or quality of malice is requisite in each case ; but the less degree or amount of cool deliberation

beforehand constitutes the lesser degree of murder.  Therefore the jury must find, beyond a reasonable doubt, that of his malice, and not of any mere passion, defendant resolved beforehand to kill and murder the deceased, and influenced by such motive and not by mere passion, defendant carried the same into execution, in order to find defendant guilty of murder in the second degree."

The Court refused to so instruct the jury, and the defendant excepted; and the defendant also excepted to the instruction given by the Court above set forth, and now seeks to reverse the judgment because of these alleged errors of the Court below.

The statute defines murder to be the unlawful killing of a human being, with malice aforethought, either express or implied.  Express malice is that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof.  Malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart.  These are statutory definitions. (Wood's Digest, 330, 331, Secs. 19, 20, 21.)  The twenty-first section of the Act concerning crimes and punishments has divided the crime of murder into two classes—murder in the first degree and murder in the second degree.  The statute declares that " all murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of wilful, deliberate, and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate, any arson, rape, robbery or burglary, shall be deemed murder in the first degree ; and all other kinds of murder shall be deemed murder in the second degree."

The statutory definition of murder is substantially in the language of the common law defining that term, and the classification of murders of different degrees of atrocity, into two kinds, does not render the lesser crime any other than murder ; and if the homicide committed be murder, it is for the jury,

under the instructions of the Court as to the law, to say of which degree it is, and to render their verdict accordingly.

There is no complaint that the Court. incorrectly charged the jury as to what constitutes murder in the first degree, or when a homicide amounts to manslaughter, or is justifiable or excusable; but the chief ground on which the counsel for the defendant places his objection to the charge is that the jury were instructed in substance that premeditation, deliberation, or intention to kill in giving the fatal blow, were not essential to constitute the homicide murder in the second degree, and that, therefore, the jury may have found the defendant guilty of murder in the second degree, when they would not have done so had they been correctly instructed as to the law on the subject.

It is a cardinal doctrine of criminal law, founded in natural justice, that it is the intention with which an act was done that constitutes its criminality. The intent and act must both concur to constitute the crime. (3 Greenleaf's Evidence, Sec. 13; 1 Bish. Crim. Law, Secs. 80 and 253.) The felonious intent may be proved directly, or it may be presumed from the proved existence of other facts. (3 Greenleaf's Evidence, Sec. 14.) Nothing short of an intent to do a forbidden thing, will make a person a criminal in law; but it is not necessary that the interdicted thing actually done, should have been designed, but it must appear that such result was attained in the attempt to do an unlawful act.

The common law measures an act which is *malum in se* substantially by the result produced, though not contemplated, holding the doer of the act guilty of the thing done in the same manner as if it were specially intended, though not always guilty of the crime committed in the same degree. (Rutherford's Institutes, B. 1, C. 18, sec. 11.) On this principle, if one intending to murder a particular person attempts to shoot him, but, missing his mark, shoots another; or in an attempt to poison one, another accidentally loses his life by means of it, it is murder in the first degree. (1 Bishop on Crim. Law, sections 255–257.)

In·*The People* v.*Bealoba*,.17 Cal. 395, the Court quote from the decision of the Supreme Court of Pennsylvania in the case of *Commonwealth* v. *Green*, 1 Ashmead, 296, in which is the following language : " To constitute murder in the first degree the unlawful killing must be accompanied with a clear intent to take life.    This is the great and distinguishing feature between murder in the first, and murder in the second degree." Our statute creating and defining the degrees of murder was transcribed from the Pennsylvania Act on the subject, under which the *Commonwealth* v. *Green* was decided.    That decision seems to have been carefully considered, and was followed and approved by other decisions of the same Court, and we see no reason for disapproving of the construction of the statute given by that Court, and adopted in the case of *The People* v. *Bealoba*, when properly understood.    (See *The People* v. *Vincente Sanchez*, 24 Cal. 17.)

It does not follow, from the language which we have quoted from the decision in *Commonwealth* v. *Green*, and·adopted in *The People* v. *Bealoba*, that criminal intent is not an element in the crime of murder in the second degree.    In those cases, " the clear intent to take life constituting the killing, murder in the first degree" was evidently intended to mean the deliberate and fixed purpose existing in the mind of the slayer to kill the object of his malice, as contradistinguished from that minor quality of intention which lacks the marked and distinguishing characteristic of deliberation or cold premeditation, and such was the manifest sense of the charge of the Court to which the defendant objects ; for, immediately following the language of the charge to which the exception is taken, the Judge illustrates his meaning by an example, saying ; "A man actuated by malice may attack another with the intention of not killing; but of committing some bodily injury ; here, though death ensued, the crime would be murder in the second degree; because, although there was malice in the act, the killing was not premeditated, nor done with deliberation, nor was there any intent to kill in giving the mortal blow."

The commission of murder, as we have already seen, neces-

sarily involves the intent, either actual or by imputation, to kill the person slain. Where the intent is actual it is manifested by circumstances that show the immediate and direct design of the author of the crime. When, by imputation, the intent is presumed from the proved or admitted existence of acts or conduct of the criminal, which are *malum in se.* Thus when the death of one person ensues from the felonious acts of another, the law imputes to the perpetrator the intention to produce the result which was the natural consequence of the primary act, and in such cases the circumstances must determine the degree of the crime. Though the charge was not entirely accurate, we think it manifest that the jury were not misled by it to the defendant's prejudice. when considered as a whole. Murder in the first degree was correctly defined and explained by the Court to the jury, and so was manslaughter, both voluntary and involuntary, as also the law respecting justifiable and excusable homicide. The effect of the verdict was that the defendant was not guilty of murder in the first degree, nor of manslaughter only, as defined by the statute, nor was the homicide justifiable or excusable, but still the defendant was guilty of slaying his fellow being with that degree of malice at least, which is implied when no considerable provocation appears to have existed or which is implied when all the circumstances connected with the act done show an abandoned and malignant heart, and that though the defendant did not directly and expressly intend that the fatal blow which he gave, should produce death, yet that the act of stabbing was expressly intended, and that from such act the law imputed to the perpetrator of it the intent to produce its natural effect and consequence, which was the death of the person slain.

Then viewing the charge in its plain meaning, as it must have been understood by a sensible jury, we are of the opinion the defendant had no ground to complain of it as erroneous. If we had any doubt upon the subject we should not hesitate to reverse the judgment.

In respect to the defendant's second assignment of error, we

think the Court properly refused the instruction requested. If the defendant resolved before the homicide was committed to kill and murder the deceased, he was guilty of murder in the first degree. A resolve implies deliberation. Resolving to kill and murder a human being falls directly among the descriptive elements constituting murder in the first degree. Hence the Court could not with propriety have instructed the jury as requested.

We are of the opinion the judgment should be affirmed.

Judgment affirmed.