THE PEOPLE, RESPONDENTS, *v.* PETER F. WALTER,
APPELLANT.

CONTINUANCE—DISCRETION.—An application for a continuance is addressed
    to the sound discretion of the court; and courts of review will refuse to
    disturb a ruling on such question, unless it appears that such discretion
    was abused, and the ruling arbitrary.

INSTRUCTIONS—BILL OF EXCEPTIONS.—The proper mode of bringing before
    the appellate court, for review, the instructions given by the court on its
    own motion, is, by embodying them in a bill of exceptions.

INSANITY—BURDEN OF PROOF.—If the defendant relies upon insanity to pro-
    cure an acquittal, he assumes the burden of proof as to that matter. He
    makes insanity an affirmative issue on his part; hence, to establish a de-
    fense on the ground of insanity, the defendant must, by a preponderance
    of evidence, show to the jury, that at the time of the commission of the
    act, he was laboring under such a defect of reason, from disease of the
    mind, as not to know the nature and quality of the act he was doing; or,
    if he did know it, that he did not know he was doing wrong, in respect
    to the act with which he is charged.

HOMICIDE—MURDER.—Every homicide, unexplained, is murder; but it is the province of the jury to determine, from the evidence and circumstances before them, whether the crime be murder in the first or second degree.

IDEM.—If the defendant admitted the killing, in this case, he admitted that he was guilty of murder, if he was not insane; and it should have been submitted to the jury, under proper instructions, to say, from the evidence, whether the crime was murder in the first or second degree.

APPEAL from the first judicial district, Nez Perce county.

LEWIS, J., delivered the opinion. WHITSON, J., concurred. NOGGLE, C. J., dissented.

On the sixth day of October, 1870, the grand jury of Nez Perce county, presented a true bill of indictment against the defendant, charging that the defendant on the fifteenth day of September, 1870, at Nez Perce county, feloniously, willfully, deliberately, premeditately, and of his malice aforethought, did make an assault, etc., upon one, Joseph Yotes, and him, the said Joseph Yotes, did feloniously, willfully, deliberately, premeditately and of his malice aforethought, did kill and murder. On the seventh of October the defendant was arraigned, and on the tenth pleaded "not guilty." The cause was set for trial on the thirteenth of October, at ten o'clock. On the thirteenth of October the defendant filed motion for a change of venue, which was overruled, to which defendant excepted. Defendant also filed his motion for continuance, which was denied, defendant excepting. The case was thereupon tried before the court and a jury, and after argument of counsel " the court," charged the jury as to the law, the counsel for the defendant excepting thereto.

Whereupon the jury, after consideration, returned a notice as follows:

" *The People of the United States in the Territory of Idaho* v. *Peter F. Walter.*

" Indictment for murder in the first degree.

" We, the jury, find the defendant guilty of murder in the first degree, as charged in the indictment.

"LEVI ANKNEY, Foreman."

On the nineteenth of October, sentence and judgment of

the court was pronounced, that defendant be executed on the ninth day of December, 1870. Upon the fourteenth of November, 1870, defendant gave notice of appeal from the judgment and sentence of the court.

Sundry errors have been assigned by defendant, to wit:

1. The court erred in refusing to grant a continuance. 2. The court erred in denying defendant's motion for a change of venue. 3. The court erred in refusing to admit certain testimony. 4. The court erred in charging the jury that the court was relieved from the necessity of defining the degrees of murder, etc. 5. The court erred in charging the jury as to the law of evidence of insanity. 6. The court erred in charging the jury that defendant was guilty of murder in the first degree or he is not guilty.

The first error assigned is that the court erred in refusing to sustain the motion for a continuance. An application for continuance is one addressed to the discretion of the court, and courts of review have uniformly refused to disturb a ruling on such questions unless it be shown that the discretion was abused and the ruling arbitrary. (*Herron* v. *Jury*, 1 Idaho, 190.) It is not apparent from the record that such discretion was abused, and the court committed no error in denying such motion. As to motion to change venue and ruling on the evidence brought here upon bill of exceptions, there was no error which could work to defendant's injury.

An important question as to practice has been raised in the argument of the case, and presented for our determination.

The instructions of the court are not signed by the judge. The certificate of the clerk is attached identifying the instructions copied in the transcript as a full and correct copy of the original instructions and charge of the court on file.

The minutes of the trial show that the defendant excepted to the instructions given by the court to the jury. On this condition of the record are the instructions properly before us. It is provided by section 420, Crim Prac.,

that defendant may except to a decision of the court in instructing the jury as to the law of the case.

Sec. 422. A bill containing the exceptions must be signed by the judge and filed by the clerk. Sec. 425. When any written charge has been presented and given or refused, the questions presented in such charge need not be excepted to, or embodied in a bill of exceptions, but the charge with the action of the court thereon indorsed shall form a part of the record. Section 449 declares what shall constitute the record; the sixth is the bill of exceptions; and seventh, the written charges asked of the court. A majority of the court are of opinion that the proper mode to bring before this court for review the instructions of the court given on its own motion, is by embodying them in a bill of exceptions; but this case involves the life of an individual, and the rule of practice has not been established. I do not think it justifiable to enforce this rule for the first time in the case at bar.

Therefore, for the purpose of this case, as the instructions of the court below are before us in the transcript, I think we should examine them as a part of the record of the case.

The instructions given by the court upon its own motion, so far as material to the consideration of the errors assigned, are as follows:

" Murder is the unlawful killing of a human being with malice aforethought, either express or implied. The unlawful killing may be effected by any of the various means by which death may be occasioned. Express malice is that deliberate intention, unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof. Malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart. Malice, in its legal sense, is a wrongful act done intentionally without just cause or excuse. Ordinarily provocation is set up as a defense; or justification is in some way claimed in behalf of the defendants; and in such cases, where any such defense is interposed, it becomes necessary

for the court to give the law to the jury defining the different degrees of murder and manslaughter; this case, however, is a different one. The court is relieved from that duty, because the defendant and his counsel in this case admit the killing without legal cause or provocation, as charged, but insist that they have proved insanity, etc., at the time.

"In entering upon the investigation of this defense, however, the jury should remember that the defendant, having admitted the killing as charged, and setting up insanity, the burden of proving this defense to the satisfaction of the jury is upon the defendant; because the law presumes that every man is sane, and possesses a sufficient degree of reason to be responsible for his crime. Until the contrary be proved to the satisfaction of the jury, and that to establish a defense on the ground of insanity, it must be clearly proved, that at the time of the committing of the act, the party accused was laboring under such a defect of reason from disease of the mind as not' to know the nature and quality of the act he was doing, or, if he did know it, that he did not know he was doing wrong, in respect to the very act with which he is charged.

"In this case you have a case submitted to you which, for he purpose of this trial, the charges in the indictment against the defendant, upon the trial, and in the argument counsel for defendant, are admitted to have taken place s charged. The defendant not controverting the proof, insists, however, that at the time the defendant did the act charged he was insane, and not responsible for what he did; hey offer no proof to the contrary. This is really the only uestion submitted to the jury, the question of insanity, and that to establish a defense on the grounds of insanity it must be clearly proved by a preponderance of the evidence given upon the trial, etc.

"If the jury find the insanity established, and the defendant not guilty, you will simply say: 'We, the jury, find that the defendant is not guilty.'

"If the jury find the defendant guilty, the jury will simply say: 'We, the jury, find the defendant guilty of the

offense as charged in the indictment.' The jury will also find the degree of murder, and they will say by their verdict whether the defendant is guilty of murder in the first or any other degree.

"The defendant in this case is either guilty of murder in the first degree or he is not guilty as charged."

The foregoing recited instructions are all that are material to an understanding of the case. The instructions given to the jury as to the question of insanity are in accordance with the rule as laid down in Ohio. (*Loeffner* v. *The State*, 10 Ohio State, 598; *Clark* v. *The State*, 12 Id. 483.) The same rule is declared in California. (*People* v. *Coffman*, 24 Cal. 230; *People* v. *Meyers*, 20 Id. 518.) So also in Mississippi. (*Kelly* v. *The State*, 30 Smed. & M. 518.) In New Jersey it is held that the burden of proof is on defendant, and that to excuse the crime the jury ought to be satisfied of the insanity beyond a reasonable doubt. (*State* v. *Spencer*, 1 Zab. 197.) But this last case goes too far; a different rule prevails in Illinois (*Mopps* v. *The People*, 31 Ill. 385), where it is held, that to convict, the jury must be satisfied of the sanity of defendant beyond a reasonable doubt, and this is the ablest case we have seen on that rule. The rule in New York is the same as in Illinois. (*People* v. *McCann*, 16 N. Y. 58.) So also in Michigan. (*People* v. *Gortrue*, 17 Mich. 9.)

Looking at the well-established principles of law and evidence, that the prisoner is presumed to be innocent, that he is presumed sane, from the fact that he is a man of whom rationality is an essential attribute; that to sustain the prosecution the homicide is proved, and when the facts which are necessary to constitute the crime are sufficiently proved to warrant a conviction in the absence of other proof, the prosecution may safely rest; a case is then made out against the accused; and if to procure an acquittal he relies upon insanity, he assumes the burden of proof as to that matter; he makes insanity an affirmative issue upon his part, because it is an allegation of fact, in opposition to a presumption of law. The prosecution does not, in a criminal case, by affirming the guilt of the accused, undertake to prove

his sanity, for the reason that it is not necessary to prove what the law presumes.

We are of opinion that the rule as laid down by the court below, sustained as it is by both reason and authority, is the better one; hence, the court did not err, in so charging the jury as to the question of insanity.

Looking at the whole of the instructions, as to the other points raised, we think that they are in substance this:

1. That in ordinary cases it is the duty of the court to instruct the jury as to the different degrees of murder.

2. That in this case it is not necessary so to do, because the defendant admits the killing without cause or provocation as charged, but insists upon his insanity, and that in reality the only question submitted to the jury is that of insanity.

3. That the defendant in this case is either guilty of murder in the first degree, or he is not guilty as charged.

The court did not define to the jury the law as to what constitutes murder in the first degree, and what constitutes murder of the second degree as contradistinguished from murder in the first degree; but said to them that if they found him guilty as charged, they would say whether he was guilty of murder in the first or any other degree. The jury were only instructed in general terms as to the crime of murder, and therefore could not consider as to the different degrees. The court in substance said.to them: Gentlemen, the defendant admits the killing as charged, and insists upon insanity as a defense. You must find the defendant insane, or that he is guilty of murder in the first degree. If the defendant had in open court pleaded guilty of the offense charged in the indictment, it would have been the duty of the court to have proceeded, by examination of witnesses, to determine the degree of the crime. (Crim. Act, sec. 17.) Now the defendant most certainly, on plea of insanity and admitting the killing, ought not to be put in a worse condition than if he had pleaded guilty in open court. If the killing were proved it would not raise the presumption 'that it was done deliberately, willfully, and premeditatedly, and of malice aforethought; in other words,

it would not raise the presumption that defendant is guilty of murder in the first degree. (*State* v. *Turner*, Wright, 20; *People* v. *White*, 24 Mead, 580; *Johnson* v. *Coen*, 241 a, State, 386; *State* v. *McCormick*, 27 Iowa, 402.) The same point has been so held in California. (*People* v. *Gibson*, 17 Cal. 283.) In that case Justice Baldwin says:

When a homicide is committed, it rests upon the accused to show justification, excuse, or mitigation, and this not being shown, the legal inference is that he has committed the crime of murder. This crime consists in the perpetration of an unlawful act, and the malicious intent. But these characteristics as well apply to murder in the second, as to murder in the first degree. The act of killing unexplained is murder; but the fact of killing does not necessarily show that it was done with such premeditation willfulness, and deliberation as to constitute murder in the first degree, or that it was done in the prosecution of a felony. While, therefore, every homicide unexplained is murder, it must be left to the jury to determine from the circumstances before them, whether the crime is murder in the first or second degree.

This exposition of the law is, in our view, eminently sound, and has ample authority to sustain it. (See also *People* v. *Foren*, 25 Cal. 361.) The offense charged in the indictment is murder. It is not necessary to say by the indictment whether it be murder in the first or second degree. It is in fact, not the province of the grand jury to determine as to the degree of the crime. The offense is so stated in the indictment in the case at bar that the jury might find murder in the first or second degree, and in fact the statute expressly requires the jury to find the degree.

The defendant then in this case was charged with the crime of murder; and in fact the indictment positively states that defendant is accused of the crime of murder. And hence the court erred in instructing the jury that the defendant was either guilty of murder in the first degree or he was not guilty as charged.

That the jury understood that in accordance with the instructions, defendant was charged with murder in the first

degree, seems clearly shown by the form of this verdict herein above set out. The case is thus stated:

*The People etc.* v. *Peter F. Walter.*

Indictment for murder in the first degree.

When, therefore, the defendant in this case admitted the killing, he only admitted that he was guilty of murder (if not insane), and it should have been submitted to the jury under proper instructions to say from the evidence whether defendant was guilty of murder in the first degree or in the second degree. This is a right to which he was entitled by law; it is a substantial right in which is involved his life, hence, for errors occurring as above indicated, the judgment of the district court is reversed, the cause remanded, and a new trial ordered.