Filed 10/25/22 P. v. Wilson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096053 |
| Plaintiff and Respondent, | (Super. Ct. No. CR109966) |
| v. | |
| TYRONE DESHAWN WILSON, | |
| Defendant and Appellant. | |

Defendant Tyrone Deshawn Wilson appeals from an order denying his 2022 postjudgment petition to vacate his murder conviction pursuant to former Penal Code[1]

---

[1] Undesignated statutory references are to the Penal Code.

section 1170.95[2] based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief, and he filed a letter brief raising multiple issues. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the underlying facts is set forth in our prior opinion in this case. (*People v. Wilson* (Jul. 2, 1993, C013560) [nonpub. opn.].) In sum, defendant and the victim, who had known each other since childhood, were socializing in a hotel parking lot after a Halloween party. The two ended up in an embrace, and defendant then pulled out a gun from his jacket pocket and shot the victim in the side. Defendant said he did not mean to shoot the victim, and only pulled out his gun because he feared gang violence.

---

[2] The Legislature amended former section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551). This amendment to former section 1170.95 has no impact on the issues raised by this appeal. Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6, with no change in the text. (Stats. 2022, ch. 58, § 10.) We reject defendant's request for judicial notice regarding the legislative history of Senate Bill No. 775 as unnecessary.

We also reject what we interpret as a request to augment the record with the following documents defendant attached to his supplemental brief: (1) a minute order from 2019; (2) a February 2022 letter from the public defender's office; and (3) what appears to be portions of a police report from 1991. (Cal. Rules of Court, rules 8.340(c), 8.155; see *DeYoung v. Del Mar Thoroughbred Club* (1984) 159 Cal.App.3d 858, 863 [document not presented to the trial court falls outside the scope of the augmentation rule and could not be considered by the appellate court].) We note that a copy of the court's April 1, 2022, order denying his resentencing petition (which defendant also attached to his supplemental brief) is already in the record.

At trial, the jury was instructed on first degree murder, second degree murder, voluntary manslaughter, and justifiable homicide in self-defense. The jury was not instructed on second degree murder based on implied malice. In our prior opinion, we noted there was "no dispute" that defendant killed the victim. Although we modified a restitution fine, we otherwise affirmed defendant's conviction for second degree murder. (*People v. Wilson, supra,* C013560.)

In 2019, defendant petitioned the court for resentencing under former section 1170.95. The trial court denied his petition, reasoning that he was ineligible for relief because he was tried and convicted as the actual killer. The court also noted that the jury was not instructed on either a second degree felony-murder theory or a second degree natural and probable consequences doctrine theory of guilt.

Defendant filed another resentencing petition in January 2022 stating that he could not presently be convicted of murder based on the changes to sections 188 and 189. The trial court appointed defense counsel in February 2022. The People filed a response on March 4, 2022, arguing defendant was ineligible for relief under former section 1170.95 because he was not convicted of murder based on the felony-murder rule, the natural and probable consequences doctrine, or any theory in which malice may be imputed. In sum, the record established as a matter of law that defendant was the actual killer who murdered with malice aforethought.

On March 30, 2022, defendant filed an application for extension of time to file a reply to the People's response. In his supporting declaration, defendant stated he had not yet heard from the public defender's office regarding his petition. He stated he had hired his own attorney to represent him on the matter, although the attorney had not responded to him for nearly a month.

On April 1, 2022, the trial court issued a written order denying defendant's petition. The court reasoned that defendant had failed to show that he was eligible for relief under former section 1170.95 because he was tried and convicted of second degree

3

murder as the actual killer. The court quoted our prior opinion as follows: " 'There is no dispute defendant killed [the victim], shooting him in the left side of his back, at point blank range, with a handgun.' " The court further noted that defendant's 2019 petition had been denied. The court did not address defendant's request for an extension of time to file a reply brief.

Defendant timely appealed from the 2022 order.

## DISCUSSION

### A. Our Review

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a postjudgment motion to deny a resentencing petition under section 1172.6 is an open question. Our Supreme Court is set to resolve the issue in *People v. Delgadillo* (Nov. 18, 2020, B304441) (nonpub. opn.), review granted February 17, 2021, S266305.

In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870,[3] this court described the *Anders/Wende* procedure applicable to appeals for postjudgment relief: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Id.* at pp. 112-113.) Pending guidance from the Supreme Court, we adhere to the reasoning of *Figueras* as to this postjudgment motion for relief pursuant

---

**3** Review was granted in *Figueras* and held for *Delgadillo*.

to section 1172.6. We deny defendant's request in his supplemental brief for an independent review of the matter and review the remaining claims raised in defendant's supplemental brief.

### B. Defendant's Contentions

Defendant argues: (1) the trial court erred in considering any evidence beyond the petition itself; (2) the trial court erred and violated his due process rights by issuing its denial order before he filed a response to the prosecution's brief, and before the 30-day period for him to file his brief had passed; (3) he received ineffective assistance of counsel because the public defender never filed a reply brief; (4) the court failed to consider the new amendments to section 1172.6, especially the addition that someone convicted of murder under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime" is eligible for relief (Senate Bill No. 775); and (5) the court engaged in improper factfinding by relying on our recitation of the facts in our prior opinion, specifically that there was no dispute that defendant killed the victim.

Defendant additionally argues that an actual killer who was acting alone and was convicted of second degree murder is eligible for relief under section 1172.6. Citing *People v. Foren* (1864) 25 Cal. 361, defendant argues that malice can be imputed to an actual killer acting alone.

Without any citation to the record, defendant argues the jury was instructed pursuant to CALJIC No. 8.11 (malice aforethought). Defendant notes that CALJIC No. 8.11 provides that malice "may be either express or implied," and sets out the situations when malice may be implied: "(1) The killing resulted from an intentional act; [¶] (2) The natural consequences of the act are dangerous to human life, and [¶] (3) The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life." According to defendant, this instruction could have led the jury to impute malice to him "based solely on his participation in an intentional act, to

5

wit, unreasonable belief in the need for self-defense." According to defendant, the Legislature intended to abolish *all* theories of "implied malice" murder liability.

Defendant next argues that he "could not be convicted of second degree murder if he was to go back to trial under the current law because the court would have a duty to instruct on all theories of murder." Defendant then argues that evidence of voluntary intoxication was introduced at trial, and the failure to instruct on that issue could mitigate the presence of malice. He further argues that the evidence showed that he had an honest but unreasonable belief that it was necessary to defend himself. In addition, he argues, the evidence was sufficient to support a heat of passion and sudden quarrel theory of voluntary manslaughter. According to defendant, "if he was to be taken back to trial," he could only be convicted of voluntary manslaughter.

### C. Background Law

Senate Bill 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(defining first degree murder)] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill,

6

aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added former section 1170.95, now section 1172.6, which allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate and resentence the defendant. (§ 1172.6, subd. (a).) Once a petitioner has filed a petition that meets the requirements of section 1172.6,[4] the prosecutor shall file and serve a response within 60 days. (§ 1172.6, subd. (c).) The petitioner may then file and serve a reply within 30 days, and the court "shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972; see *id.* at p. 971.)

---

[4] A petition must include: (a) a declaration by the petitioner that he or she is eligible for relief, (b) the superior court case number and year of the petitioner's conviction, and (c) whether the petitioner requests appointment of counsel. (§ 1172.6, subd. (b)(1).)

## D.     Analysis

As a preliminary matter, we find no merit in defendant's contention that the trial court engaged in improper factfinding by looking beyond his petition and considering the record of conviction, including our prior opinion. As previously noted, courts have made clear that trial courts may consider the record of conviction, including the jury instructions and a prior appellate opinion, in determining whether defendant has made a prima facie showing. (*People v. Lewis, supra,* 11 Cal.5th at pp. 971-972.)

Turning to defendant's arguments about the merits of his petition, we agree with the trial court that he has failed to make the requisite prima facie showing of entitlement to relief under section 1172.6. To be eligible for relief, a petitioner must have been convicted of murder or attempted murder under a felony murder or natural and probable consequences theory, or other theory of imputed malice. (§ 1172.6, subd. (a).) However, the record of conviction reflects defendant was not convicted under such theories. Although defendant's jury was instructed on malice, premeditated and unpremeditated murder, voluntary manslaughter, and justifiable homicide in self-defense, it was never instructed on the felony-murder doctrine, natural and probable consequences theory, or any other imputed malice theory. (*People v. Wilson, supra,* C013560.) Because imputed malice theories were not presented to the jury, there is no possibility the jury found him guilty under any of these theories. Moreover, as we noted in our prior opinion, there was "no dispute" that defendant killed the victim and was therefore the actual killer. In sum, defendant could still be convicted for murder under sections 188 or 189 and was therefore ineligible for resentencing. (§§ 188, 189, 1172.6.)

Because defendant was ineligible for resentencing as a matter of law, he was not prejudiced by the court's denial of his petition before he had filed a reply brief. This lack of prejudice also defeats his argument that his lawyer was ineffective for failing to file a reply brief prior to the trial court's orders. (*People v. Mai* (2013) 57 Cal.4th 986, 1009-1010 [a defendant can only establish ineffective assistance of counsel if (1) trial counsel's

8

representation fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficiency resulted in prejudice to defendant, meaning there is "a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different"]; see also *People v. Ochoa* (1998) 19 Cal.4th 353, 463 [trial counsel's representation is not deficient "for failing to make meritless objections"].)

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.


                                        /s/ _____

                                        HOCH, J.


I concur:


 /s/ _____

BOULWARE EURIE, J.


I concur in the result:


 /s/ _____

MAURO, Acting P. J.

9