[No. 3,369.]

# THE PEOPLE *v.* JONAS RODUNDO.

ONE INDICTED AS ACCESSORY A WITNESS AGAINST THE PRINCIPAL.—One jointly indicted with another, as an accessory after the fact, is a competent witness for the people on the trial of the principal. He is not obliged to criminate himself, but whether he do so or not, is a matter which does not concern the defendant; and he may refuse to testify unless first discharged from the indictment; but this is a matter over which the defendant has no control.

IDEM.—An instruction by the Court to such witness, that his evidence cannot be used against himself, even if erroneous, does not prejudice the defendant.

SHERIFF MAY TESTIFY TO STATEMENTS OF ACCUSED.—The Sheriff may testify to statements made to him by the accused after his arrest, if such statements are made voluntarily, without any threats or promises of reward.

DEFENDANT A WITNESS IN HIS OWN BEHALF.—If a defendant in a criminal case becomes a witness in his own behalf, and gives testimony tending to exonerate himself, the Court need not, of its own motion, instruct the jury as to the credit to be given to his testimony.

IDEM.—The statute declaring that when a defendant in a criminal case becomes a witness in his own behalf, the credit to be given to his testimony must be left solely to the jury, under instructions of the Court, does not establish a new rule for defendants in criminal cases, but simply applies to them a rule which exists as to other witnesses.

POSSESSION OF STOLEN PROPERTY.—An instruction to the jury, that "the possession of stolen property is not alone sufficient to convict," and that "it is merely a guilty circumstance which, taken in connection with other testimony, is to determine the question of guilt," is not erroneous by reason of the use of the words "guilty circumstance."

RECEIVING THE VERDICT OF A JURY.—The irregularity of receiving a verdict in a criminal case, without first calling over the names of the jurors, does not prejudice a defendant, if the jury were all present and had agreed.

APPEAL from the County Court of Alameda County.

The defendant was convicted and sentenced, and appealed. The other facts are stated in the opinion.

*W. E. Kennedy* and *Frs. E. Spencer,* for Appellant.

The Court erred in its instruction to the witness. Under the statute, a jury cannot convict upon the testimony of an accomplice, unless he is corroborated in the ultimate fact by other testimony. (Crim. Pr. Act, Sec. 375.)

The possession of stolen property is not a " guilty circumstance." (*People* v. *Chambers*, 18 Cal. 382; *People* v. *Gassaway*, 23 Cal. 51; *People* v. *Antonio*, 27 Cal. 407; *People* v. *Kelly*, 28 Cal. 427.)

*John L. Love, Attorney General,* for the People.

By the Court, BELCHER, J.:

The defendant and one Camargo were jointly indicted for the crime of grand larceny, the defendant as principal and Camargo as accessory after the fact.

Upon the trial against the defendant, Camargo was called as a witness for the prosecution, and at the instance of the District Attorney, and against the objections of the defendant, instructed by the Court that anything he might testify to could not be used as evidence against himself.

There can be no doubt that he was a competent witness, and might testify to any facts within his knowledge, whether those facts tended to criminate himself or not. He was not obliged to criminate himself, but whether he should do so or not was a matter which concerned him and not the defendant. He might probably have refused to testify at all, unless first discharged from the indictment (Crim. Pr. Act, Sec. 368); but this, too, was a matter over which the defendant had no control. Conceding that the Court was in error in telling him that the evidence he might give could not be used against himself, still the error in no way prejudiced the defendant.

The Sheriff who arrested the defendant was also called as a witness for the prosecution, and testified " that after he had made the arrest the defendant asked him what he was arrested for. I said, For stealing John Arnett's cow. He said, Only one cow? I said, Yes. He replied, That's not much. Out on the street, after we had gone a little ways, he asked, What did Camargo say? I replied, Ca-

margo says you stole the cow. Defendant replied, I did steal the cow; Camargo and his family were starving, and I stole her to get them some meat; Camargo was with me. I used no threats; did not tell him it would be better for him to own up, nor hold out any promise of reward. He stated everything voluntarily."

The defendant moved to strike out all of this testimony, on the ground that the statements were not voluntary. The Court overruled the motion and the defendant excepted.

There was no valid objection to the testimony. Nothing was disclosed tending to show that the statements of the defendant to the witness were not wholly free and voluntary.

The defendant became a witness in his own behalf and gave testimony tending to exonerate himself from the charge made against him. When the Court came to instruct the jury no reference was made to the defendant's testimony. It is now claimed that the statute, which authorizes defendants in criminal cases to become witnesses, requires the Court to instruct the jury in reference to the credit to be given to their testimony, and that the failure to do so in this case was error. The language of the statute is: "The credit to be given to his testimony being left solely to the jury under the instructions of the Court."

This is not a new rule made for defendants in criminal cases. It is simply the application to them of a rule which already existed as to other witnesses. It has always been the province of the Court to instruct the jury in the rules of law by which testimony is weighed and its credibility tested. The rule does not, however, require the Court in every case to explain to the jury how they are to consider and weigh the testimony. It is only when there is something peculiar in the testimony itself, or in the manner of giving it, or in the circumstances surrounding the case, that the action of the Court in this respect is made necessary.

In this case no instruction was asked by counsel upon

either side in reference to the credit that ought to be given to the defendant's testimony. Counsel seem to have thought that the jury should be left to consider that as they considered the testimony of the other witnesses, and to believe or reject it as they might think it credible or otherwise. The Court acquiesced in the course proposed by counsel. It apparently did not feel called upon to volunteer instructions when none were asked. In this we see no error.

Among others the Court gave to the jury an instruction in these words : "The possession of stolen property is not alone sufficient to convict. It is merely a guilty circumstance which, taken in connection with other testimony, is to determine the question of guilt."

The defendant objects to the words "guilty circumstance," and insists that the jury were misled by them to his prejudice. An equivalent phrase in the connection in which the words were used would be "circumstance tending to show guilt." This was their manifest meaning, and thus read the instruction is not obnoxious to criticism.

When the jury had agreed upon their verdict, they were conducted into Court by the officer having them in charge, and, without their names being called, were inquired of by the Court if they had agreed upon a verdict, and replied by their foreman that they had, and that their verdict was "guilty."

It is now claimed that the Court erred in receiving the verdict, without first calling the names of the jurors. The statute provides that when the jury have agreed upon a verdict they shall be conducted into Court. "Their names must then be called, and if all do not appear, the rest shall be discharged without giving a verdict." (Crim. Prac. Act, Sec. 414.)

Undoubtedly it was an irregularity to receive the verdict without first calling the names of the jurors, but if all were

in fact present and declared the verdict, it was an irregularity which in no way prejudiced the defendant.

Section six hundred and one of the Criminal Practice Act provides: "Neither a departure from the form or mode prescribed by this Act in respect to any pleadings or proceedings, nor an error or mistake therein, shall render the same invalid unless it have actually prejudiced the defendant or tended to his prejudice in respect to a substantial right."

The record shows that the "jury" returned into Court and reported the verdict, and it is not even suggested by counsel that the jurors were not all present and agreed.

The case of *The People* v. *Corbett*, 28 Cal. 328, in which, the defendant not having been arraigned, it was held the judgment could not be sustained, is not in point. In that case there was no plea and no issue to try, and there could therefore be no judgment.

On the whole, we see no error in the case which prejudiced the defendant in respect to any substantial right, and the judgment is therefore affirmed.