[No. 10,512.—In Bank.]

## PEOPLE *v.* JOHN H. GILBERT.

VERDICT—JURY TRIAL—CRIMINAL PRACTICE.—On the trial of an indictment, the jury brought in a verdict of guilty, written upon a piece of paper which the foreman handed to the clerk, who read it to the jury, and the jurors all agreed that it was their verdict. The verdict was not recorded in the minutes until after the discharge of the jury. *Held*, that the omission to record the verdict before reading it to the jury did not affect the validity of the judgment of conviction; and that a new trial asked on that ground was properly denied.

ID.—ID.—ID.—SHARPSTEIN, J., dissenting, was of the opinion, that § 1164 of the Penal Code requires the verdict to be recorded before reading it to the jury, and before their discharge, and that the failure to do so was a material error.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Superior Court of the County of Yolo. BUSH, J.

*Hudson Grant*, for Appellant.

Section 1164 of the Penal Code requires that the verdict shall be entered in full upon the minutes before reading it to the jury. The scrap of paper, not written by the clerk, nor indeed in the court-room, could not be deemed part of the minutes.

How can the disregard of the safeguard devised by the Legislature be deemed immaterial error in a criminal trial?

*A. L. Hart,* Attorney-General, for Respondent.

This Court has frequently disregarded errors like this, and held that a judgment will not be reversed for an error, unless the action of the Court below prejudiced the defendant in a substantial right.  (*People* v. *Fenwick,* 45 Cal. 287.)  In that case, the Court below had given an instruction to the jury which was clearly erroneous but in view of the facts of the case, this Court held, that it could not have prejudiced the defendant in any right.

So, also, in the case of the *People* v. *Sprague,* 53 Cal. 491, the clerk neglected to read the indictment to the jury, and state the plea of the defendant at the commencement of the trial, as the law directs.  This was held to be error without injury.

The authorities are as follows: Pen. Code, §§ 1258, 1404; *People* v. *Sprague,* 53 Cal. 491; *People* v. *Fenwick,* 45 id. 287; *People* v. *Rodundo,* 44 id. 538.

MORRISON, C. J.:

The defendant was indicted in the Superior Court of Yolo County for the crime of embezzlement; and being tried upon such indictment, the result was a verdict of guilty.

The verdict was as follows: " We, the jury, find the defendant guilty, as indicted, to the sum of $90.  L. B. Adams, foreman."

This verdict was written in the jury-room, and was handed to the clerk by the foreman after the jury had returned into the court-room, and were seated in the box.  The clerk then read the verdict to the jury from a scrap of paper which was handed to him by the foreman, and they thereupon declared that it was their verdict.  The jury was then discharged by the Court from further consideration of the case.  The verdict was not recorded by the clerk in the minutes until after the jury was discharged, and had left the court-room.  When the defendant was called for sentence, his counsel moved the Court for a judgment of acquittal and discharge.  The Court denied the motion, and sentenced the defendant to imprisonment in the State prison.  To this ruling and judgment, the defendant duly excepted, and now prosecutes this appeal.

The motion for a judgment of acquittal was properly denied. (*The People* v. *Baza*, 53 Cal. 690 ; *The State of Iowa* v. *Redman*, 17 Iowa, 329.)

The only remaining question in this case is, whether this Court is called upon to reverse the judgment of the Superior Court for the irregularity complained of.   It is very obvious, that the proceedings in the case were not in strict conformity to § 1164 of the Penal Code, which provides, that, " when a verdict is given, such as the Court may receive, the clerk must immediately record it in full upon the minutes, read it to the jury, and inquire of them whether it is their verdict.   If any juror disagree, the fact must be entered upon the minutes, and the jury again sent out ; but if no disagreement is expressed, the verdict is complete, and the jury must be discharged from the case."

In this case, the verdict, written by the foreman, was read to the jury, and thereupon the jurors all agreed that it was their verdict.   Was the departure from the strict letter of the Code such as to require a reversal of the judgment?   Our first impression was, that the irregularity was fatal to the judgment ; but a careful consideration of the question, and of the provisions of the Penal Code, has led us to a different conclusion.   If the clerk had first pasted the verdict in his rough minutes, and had then read it to the jury, the letter of the law would have been complied with ; and it is difficult to see what additional weight or authority would have been given to the verdict by that proceeding.   It is a matter of fact, that the rough minutes of the clerk are often entered upon loose slips of paper, and from them they are transcribed into the minute-book ; and when the minutes are written up, the original minutes are in many instances cast aside, as being no longer useful ; and if that had been done in the present case, no one would contend that there had been any irregularity in the proceeding.

There are other provisions in the Code, however, a reference to which will remove all doubt on the point under consideration. Section 1404 of the Penal Code provides, that " neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has *actually prejudiced* the defendant, or *tended to his prejudice in respect to a substantial*

*right*"; and § 1258 of the same Code provides, that, "after hearing the appeal, the Court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." By § 1093 of the same Code, which regulates the order of trial in a criminal case, it is provided, that, "if the indictment be for a felony, the clerk must read it, and state the plea of the defendant to the jury." On the trial of one Sprague, for the crime of murder, this form of procedure was omitted; and speaking of its effect upon the case, the Supreme Court says: "The departure from the form or mode of presenting the issue prescribed by the statute did not prejudice, or tend to prejudice, the defendant in respect to a substantial right; and it is therefore the duty of this Court to give judgment without reference to an irregularity—the result of such departure. (*The People v. Sprague,* 53 Cal. 494.)

The above principle and reasoniong apply with full force to the case now under consideration; and to hold that the omission complained of affected the validity of the judgment would be to set aside and totally disregard §§ 1258 and 1404 of the Penal Code.

The verdict, although not very artistically worded, is sufficient in substance. (*People v. Leehey,* No. 10,384, 4 Pac. C. Law J. 75.)

Judgment and order affirmed.

THORNTON, J., MYRICK, J., and MCKINSTRY, J., concurred.

SHARPSTEIN, J., dissenting:

I dissent. It is conceded that the Court, by discharging the jury before the verdict had been recorded, committed an error. But it is classified as a technical error, which did not affect the substantial rights of the parties, nor tend to the defendant's prejudice in respect to such a right. And §§ 1258 and 1404 of the Penal Code are cited, to prove that it is an error which should be disregarded. The case of *People v. Rodundo,* 44 Cal. 538, is also cited, in support of that position.

In that case, it was held that the omission to call the names of the jurors before receiving the verdict was not a fatal error.

The reason for so holding in that case is not wholly satisfactory to me. The Court said : " Undoubtedly it was an irregularity to receive the verdict without first calling the names of the jurors; but if all were in fact present, and declared the verdict, it was an irregularity which in no way prejudiced the defendant."

As the sole object of having the names called is to ascertain whether all the jurors are in fact present, it would seem to follow that the omission to call them would be a grave error, unless some other method equally well adapted for the ascertainment of the fact were resorted to ; because "if all do not appear (upon the call of their names), the rest. shall be discharged without giving a verdict." (Pen. Code, § 1147.) But the Court in that case seems to have assumed that all were present, because it was not shown that they were not. A call of their names would have disclosed whether they were or not, and probably no method more simple and efficacious than this could be devised. But in that case, one of the safeguards provided by the Legislature for the protection of both parties was removed; and in this case, we are asked to remove another. And we may safely predict that " the end is not yet." There is a provision which requires the jury to be present in Court when the verdict is rendered. A failure to comply with that provision would not necessarily prejudice a defendant any more than the omissions which this Court has sanctioned. If a jury after agreeing upon a verdict should sign it in the jury-room and hand it to an officer of the Court, and then disperse without going through the form of being present when the verdict was received and recorded, it would, in almost every case, be impossible for the defendant to prove that the verdict would have, been different in fact, if all the forms prescribed by law had been complied with. And unless he could show that, it seems to me that, under the doctrine of the case of The People v. Rodundo, supra, which is approved in this case, the verdict could not be disturbed, for so wide a departure from the form prescribed as that, even.

But I am inclined to believe that a construction more in consonance with sound reason may be given to §§ 1258 and 1404 of the Penal Code without doing violence to the language of those provisions. When it cannot be seen that a defendant

could possibly be prejudiced by an error committed by the Court below, such error may and should be disregarded. But I cannot view the error complained of in this case in that light. After the verdict was rendered, and before it was recorded, the defendant had a right to request that the jury be polled. (Pen. Code, § 1163.) After the verdict was recorded, he had a right to have it read to the jury, and to have them asked whether it was their verdict; and if any one disagreed to it, to have " the jury again sent out." (Pen. Code, § 1164.) And it was not until after the verdict was recorded, and the jury were asked whether it was their verdict, and all agreed to it, that it became complete. And then, and not till then, could the jury be legally discharged. Such is the language of the Code, and I am fully persuaded that it is a mistake to sanction any substantial departure from the mode pointed out in the law, unless it be apparent that no substantial right of a defendant could be prejudicially affected thereby. I do not think that trial by jury is surrounded by too many safeguards at present; and if it is, the Legislature, in my judgment, is the proper tribunal to lop off the superfluous ones.

For these reasons, I think that the judgment of the Court below should be reversed.