TERRITORY OF ARIZONA, RESPONDENT, *v.* THOMAS HARPER, APPELLANT.

CHARACTER OF DECEASED IS NOT IN ISSUE IN TRIAL FOR MURDER, unless some evidence has been given tending to show that the defendant acted in self-defense.

WHERE JURY IN CRIMINAL CASE RETURN VERDICT IN WRITING, which is read to them by the clerk and declared by them to be their verdict, it is not necessary that such verdict should be recorded in the minute book of the court before it is so read to the jury.

APPEAL from the district court of the first judicial district, Pima county. The facts are stated in the opinion.

*James W. Otis* and *Ben Goodrich*, for the appellant.

*Farley & Pomroy*, for the respondent.

Evidence of the character of the deceased can not be given unless at least the circumstances of the case raise a doubt in regard to the question whether the prisoner acted in self-defense. *People* v. *Murray*, 10 Cal. 309. The motion for discharge and arrest of judgment, on the ground that there was no complete verdict, was properly denied. *People* v. *Gilbert*, 57 Id. 96. The court did not err in refusing to amend and change the minutes of the court, and to show that the verdict was incomplete, and not recorded. Id. The court did not err in refusing to admit the testimony of the clerk of the court, and the affidavits of counsel as to the foregoing points. Id. If there is a rule of the court requiring instructions to be handed to the judge by a cer-

tain time in the progress of the trial, it is not error to refuse to give instructions not handed to the judge in time. *Waldie* v. *Doll*, 29 Id. 555; Rule 51, p. 9, rules of district court first judicial district.

By Court, FRENCH, C. J.:

The transcript in this case fails to comply with the requirements of the rules of this court, and especially with rules 5 and 6. Six errors are assigned. The first two assignments are the exclusion of evidence as to the character of the deceased. Unless it be shown that under the circumstances the defendant might have acted in self defense, or unless the circumstances raise at least a doubt whether he might have so acted or not, the character of the deceased is not in issue. *People* v. *Murray*, 10 Cal. 309. The third and fourth assignments are untenable. The jury in this case presented their verdict regularly in all respects, and were required by the court to declare the same, which they did. It was a written verdict signed by the foreman. They were then directed by the court to deliver the same to the clerk for record. The clerk received the verdict and filed it, but without entering it in the minute book of the court read it to the jury and asked them if it was their verdict, to which they replied in the affirmative, being the second declaration by the jury affirming their written verdict. The verdict was then perfect and complete. *People* v. *Gilbert*, 57 Cal. 96. The statutory direction as to recording had its origin in the practice of verbal verdicts. For the same reason as stated in *People* v. *Gilbert*, there was no error in refusing the motion for arrest of judgment, or in refusing the motion to change or amend the minutes of the court, or in refusing to admit the testimony of the clerk or affidavits of counsel on these points. The rules of the court requiring instructions asked to be presented before the argument, the refusal to give such instructions when not so presented or not presented till after the close of the arguments, can not be assigned as errors. *Waldie* v. *Doll*, 29 Cal. 555. In this court this case was submitted without argument, and the record discloses no error whatever; the judgment must be affirmed, and it has been so ordered.

STILWELL and PORTER, JJ., concurred.