[No. 10,603.—Department Two.]
April 19, 1881.

## THE PEOPLE v. WILLIAM NICHOLS.

RECORDING VERDICT—READING VERDICT—OBJECTION.—Upon a trial for burglary, when the jury came into the Court, and their names were called, the Court asked the jury if they had agreed upon a verdict, and the foreman answered that they had, and handed a paper to the Court; and the Court looked at the paper and handed it to the Clerk, saying: "Mr. Clerk, record the verdict." The defendant asked that the verdict be read before it was recorded, the Court refused the request, and the defendant excepted. The Clerk copied the verdict into the permanent minutes of the Court, read it to the jury, and asked: "Gentlemen of the jury, is this your verdict?" Some of the jurors answered "Yes," and none expressed any dissent. The Court then directed the Clerk to poll the jury. The Clerk thereupon asked each juror: "Is this your verdict?" and each answered in the affirmative, and the jury were then discharged.
*Held*: There was, in the course pursued by the Court, a palpable irregularity which would never have occurred if the provisions of the Penal Code had been looked to by the Court; but the defendant has not been prejudiced in any substantial right. His exception was simply on the order of procedure, no reference being made to any substantial right claimed by the defendant, of which he might be deprived by the action of the Court. The counsel for the defendant should have put his objections in a form distinctly challenging the attention of the Court to the fact that the course pursued would take away from defendant the timely right of having the jury polled; and not having done so at that time, he can not now be heard to maintain that this Court should pay any attention to it on this appeal.

EVIDENCE—INSTRUCTION AS TO CREDIBILITY OF DEFENDANT AS WITNESS.— The instruction upon this point, referred to in *People* v. *Cronin*, 34 Cal. 204, approved.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of the County of San Joaquin.

A petition for hearing in Bank was filed in this case after judgment, and denied.

*J. H. Budd* and *L. C. Terry,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

THORNTON, J.:

The defendant was, upon information and trial, convicted of burglary in the first degree, and sentenced to one year's imprisonment. From the judgment defendant appealed. He also moved for a new trial, which was denied, and from the order denying his motion he also appealed.

The cause was submitted to the jury, and they retired for deliberation. As appears from the bill of exceptions, they deliberated two hours and a half before agreeing; and having agreed, they were conducted into the Court by the Sheriff, when their names were called by the Court, and all answered. The Court asked the jury if they had agreed upon a verdict, and the foreman answered that they had, and handed a paper to the Court. The Court looked at the paper, and handed it to the Clerk, saying: "Mr. Clerk, record the verdict." The defendant asked that the verdict be read before it was recorded. The Court refused the request, and defendant excepted. The bill of exceptions further shows that the Clerk copied the verdict from said paper into the permanent minutes of the Court, read it to the jury, and asked: "Gentlemen of the jury, is this your verdict?" Some of the jurors answered "Yes," and none expressed any dissent. The Court then directed the Clerk to poll the jury. The Clerk thereupon asked each juror: "Is this your verdict?" and each answered in the affirmative. The jury were then discharged.

It is provided in the Penal Code that when the jury have agreed upon their verdict, they must be conducted into Court by the officer having them in charge. Their names must then be called, etc. (P. C., § 1147.) When the jury appear, they must be asked by the Court or Clerk whether they have agreed upon their verdict, and if the foreman answers in the affirmative, they must, on being required, declare the same. (P. C., § 1149.) When a verdict is rendered, and before it is

recorded, the jury may be polled, at the request of either party, in which case they must be severally asked whether it is their verdict, and if any one answers in the negative, the jury must be sent out for further deliberation. (P. C., § 1163.)

It is urged upon us that the defendant was injured by the course taken by the Court in this case, in ordering the verdict to be recorded before it was read or declared. There was in the course pursued by the Court a palpable irregularity, which would never have occurred if the provisions of the Penal Code had been looked to by the Court. But has the defendant been prejudiced in any substantial right? For by the statute this Court is commanded, after hearing an appeal, to give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. (P. C., § 1258.) And a further command is laid upon us by Section 1404 of the same Code, in these words: "Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

The case of *The People* v. *Rodundo,* 44 Cal. 541, which occurred under the Criminal Practice Act, containing provisions identical with Section 1404, Penal Code, above cited (Crim. Prac. Act, § 601), in force before the adoption of the Code, the jury, having agreed on their verdict, were conducted into Court, and, without their names having been called, the Court received the verdict. On appeal it was claimed that the Court erred in receiving the verdict without first calling the names of the jurors. At that time the statute required, as it does now, that, when a jury agreed as to their verdict, they shall be conducted into Court, and "their names must then be called; and if all do not appear, the rest shall be discharged without giving a verdict." (Crim. Prac. Act, § 414; .P. C., § 1147.)

The Court held that this was undoubtedly an irregularity in thus receiving the verdict, but, under the provisions of the section of the Criminal Practice Act above referred to, it refused to disturb the verdict, and affirmed the judgment,

holding that the irregularity complained of "in no way prejudiced the defendant."

An application of the section (P. C., § 1404) will be seen in *The People* v. *Sprague*, 53 Cal. 494, as also in *People* v. *Gilbert*, 60 Cal. 108, a decision of this Court in bank, opinion filed January 4, 1881. In both of these cases the Court refused to reverse where there was an irregularity, holding that no substantial right of the defendant had been prejudiced.

In the case under consideration the jury were actually polled by the Court, and each juror answered that the verdict was his. It seems to us that the right of polling was in effect and substantially accorded to the defendant.

In this case it is argued that there is a circumstance which makes it to differ from the cases just cited—that is, that the defendant entered an objection and reserved an exception to the ruling. This is so, and the point will be examined.

On referring to the facts as above stated, taken from the bill of exceptions, it will be seen that the objection made by the defendant was to the recording of the verdict before it was read. The defendant asked that the verdict be read before it was recorded. The Court refused the request, and defendant excepted. The exception was not put, on the ground that the defendant was deprived of the right of polling the jury. It was put simply on the order of procedure, no reference being made to any substantial right claimed by the defendant, of which he might be deprived by the action of the Court. The counsel for the defendant, in our opinion, should have put his objections in a form distinctly challenging the attention of the Court to the fact that the course pursued would take away from defendant the timely right of having the jury polled; and not having done so at that time, he can not now be heard to maintain that this Court should pay any attention to it on this appeal. (*Martin* v. *Travers*, 12 Cal. 243; *Dreux* v. *Domec*, 18 id. 89; *Mahoney* v. *Van Winkle*, 21 id. 576; *Leet* v. *Wilson*, 24 id. 402.) We think that the judgment or order should neither be reversed on this point.

The instruction excepted to by defendant (the fourth requested by the prosecution) is a copy of one given in *The*

*People* v. *Cronin*, 34 Cal. 195, 196, which was held not to be error in that case. (Id. 204.) The opinion in that case disposes of all the points made by defendant's counsel as regards this instruction. With the judgment there announced we are satisfied, and dismiss the point without further remark.

The point that the verdict is contrary to the evidence is not well taken.

In reference to the course of procedure adopted in this case by the Court below in receiving the verdict, this Court desires to say that they are surprised at the irregularity which was permitted to occur in the matter referred to when the statutory provisions on the subject are so plain and unambiguous. Frequently criminal cases come to this Court on appeal, for the reason that the Court below has neglected to observe the plain provisions of the Penal Code in regard to procedure.

Thus much valuable time is lost by this Court in considering appeals which would never come here if the Judge of the Court below, in directing the trial, would open the Code, place it before him, and observe its requirements; and we suggest to the Superior Courts, in trying all cases, whether civil or criminal, to place before them the statute book, look carefully to its provisions in regard to procedure, and observe them strictly. We know that many Judges do pursue this course, but it is evident to us that some do not. This Court has frequently admonished the trial Courts in regard to these matters. (See *People* v. *Perdue*, 49 Cal. 427; Remarks of Court in *People* v. *Ah Gow*, 53 id. 628, citing 2 Bish. Cr. Pr., § 831.) And in our opinion it would be well that such admonitions were heeded.

Judgment and order affirmed.

MYRICK and SHARPSTEIN, JJ., concurred.