[No. 10,718.—In Bank.]
April 4, 1882.

## THE PEOPLE *v.* FRANCIS DE CLEER.

ASSAULT WITH INTENT TO MURDER—INDICTMENT—MISNOMER—ALIAS—VER-
DICT—INSANITY—INSTRUCTIONS.

APPEAL from a judgment of conviction, from an order denying an arrest of judgment and from an order refusing a new trial in the Superior Court of the City and County of San Francisco. FREELON, J.

The indictment charged that defendant on the nineteenth day of April, A. D., 1879, at the said City and County of San Francisco, unlawfully, feloniously, and with malice aforethought, with a deadly weapon, namely, a pistol, upon the body of one Victoria DeCleer, *alias* Victorie DeCleer, *alias* Victoire DeCleer, *alias* Victoria Bacon, *alias* Victorie Bacon, *alias* Victoire Bacon, in the place then and there being did make an assault; and her, the said Victoria DeCleer, *alias* Victorie DeCleer, *alias* Victoire DeCleer, *alias* Victoria Bacon, *alias* Victorie Bacon, *alias* Victoire Bacon, did then and there shoot and wound with the unlawful and felonious intent then, there and thereby, her the said Victoria DeCleer, *alias* Victorie DeCleer, *alias* Victoire DeCleer, *alias* Victoria Bacon, *alias* Victorie Bacon, *alias* Victoire Bacon, wilfully and of his malice aforethought to kill and murder contrary to the former force and effect of the statute, etc.

*L. Quint,* for Appellant,

*A. L. Hart,* Attorney General, for Respondent.

MORRISON, C. J.:

1.    The demurrer to the indictment was properly overruled, as it contained all the averments essential to a charge of assault with intent to murder.    (Wharton's Precedents of Indictments and Pleas, 242.)

2.    The party upon whom the assault was made was described by several aliases, and the evidence shows that one of the names given her in the indictment was her true name.

3.   The verdict " Guilty as charged in the indictment," was sufficiently certain, and was good in law.   (*People* v. *Gilbert*, 57 Cal. 96.)

4.   The charge to the jury was unobjectionable, in view of all the evidence in the case.   There was nothing in the evidence to sustain the plea of insanity, and it would have been a mockery of justice if the jury had acquitted the defendant on that ground.   It was a plea set up in the absence of all matter tending to show an excuse or justification for the attempted murder, and such pleas are not to be encouraged in Courts of justice.

5.   There was no error in the refusal to give instructions asked by the defendant, as all the points contained in them, proper to be given to the jury, were embraced in the charge of the Court.   The Court is not required to state the law to the jury more than once.

There is no substantial error apparent in the record.

The judgment and order are, therefore, affirmed.

MYRICK, McKINSTRY, ROSS, and McKEE, JJ., concurred.