## BRADY *v.* BROWN.

The decision of a referee upon a question of fact will not be set aside where the evidence upon such question is conflicting, and where the testimony of some of the witnesses, if credited, supports the finding.

Appeal from the Fourth Judicial District.

The only question raised in this case was the sufficiency of the evidence to sustain the report of the referee, and the character of the testimony is sufficiently stated in the opinion.

Brady *v.* Brown.

*R. R. Provines,* for Appellant.

*Holladay* and *Cary,* for Respondents.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

The appeal in this case is from a judgment rendered upon the report of a referee. The suit was brought to obtain a settlement of the accounts of a partnership which had existed between the plaintiff and the defendant Brown. Brown answered, claiming that the accounts had been fully settled ; and the referee so found, and reported a judgment accordingly. The only point made is, that the decision of the referee was contrary to the evidence.

It is unnecessary to repeat what we have so frequently laid down as a rule of action in cases of this character. The counsel for the plaintiff contends that the case does not come within this rule, and that the evidence was legally insufficient to warrant the conclusion drawn from it. He claims that there was no evidence showing the terms of the alleged settlement, and nothing to indicate that there had been a final adjustment and a balance struck. We differ, however, as to the effect of the evidence in this respect, and see no such insufficiency as amounted in point of law to a failure of proof. It is impossible to believe the testimony of Davis, and avoid the conclusion that there had been a full and complete settlement; and we cannot undertake to say that the referee did wrong in acting upon this testimony. At the time the settlement is claimed to have been made, the plaintiff was negotiating for a sale of his interest, and the persons proposing to buy required as a preliminary matter an adjustment of the partnership affairs. The witness states that the parties met for that purpose, and after considerable discussion came to an agreement ; and that the plaintiff thereupon effected a sale. The sale comprised all his interest in the property and business of the partnership, the purchasers assuming the payment of the partnership debts to a specified amount. These debts were owing in the county of Santa Cruz, and in the city of San Francisco, and an estimate was made of the amount of indebtedness at each of those places. It was agreed that, in case the indebtedness

34

should exceed the estimate, Brown should be responsible for the excess in San Francisco, and the plaintiff for the excess in Santa Cruz. There was some controversy as to the extent of their respective interests; but it was finally settled that the interests should be considered equal, and the sale was made upon that basis. These appear to have been the only matters involved in a settlement, and if we credit the testimony upon the subject, we must regard the settlement as complete and final. The evidence on behalf of the plaintiff tends to prove that no settlement was made, but the case as presented to us is simply that of a conflict of testimony.

The judgment is affirmed.