| 64 | 369 |
| 88 | 178 |
| 64 | 369 |
| 90 | 198 |
| 64 | 369 |
| 93 | 444 |
| 64 | 369 |
| 141 | 575 |

[In Bank. —November 28, 1883.]

THE PEOPLE, RESPONDENT, v. JOHN MURBACK, APPELLANT.

CRIMINAL LAW — MURDER — INSTRUCTIONS — DISCRETION — PUNISHMENT. — The court instructed the jury that "you can find the defendant guilty of murder in the first degree, or guilty of murder in the second degree, or guilty of manslaughter, or you may render a verdict of not guilty; and it is for you to decide which one of these verdicts you may render, but if you do find the defendant guilty of murder in the first degree, you have the discretion to determine the nature of his punishment; and if in your sound discretion and judgment there is any fact or circumstance in the case which ought to mitigate the extreme penalty of death, you will by your verdict indicate the same; but if you find no such mitigation in the facts of the case, and think the death penalty should be inflicted, you will simply find him guilty of murder in the first degree." *Held,* 1, that the language of the instruction does not assume that defendant was guilty of murder in the first degree; and 2, that the jury were not improperly restricted in the exercise of their discretion to determine the punishment to be inflicted.

ID. — WORDS OF REPROACH — DEGREE — MANSLAUGHTER. — No words of reproach, however grievous, are sufficient provocation to reduce the offense of an intentional homicide with a deadly weapon from murder to manslaughter.

LXIV. CAL. —24.

ID.— PRONOUNCING JUDGMENT—CLERICAL MISTAKE IN ENTRY.— A statement by
the court of the nature of the charge made against a defendant, and of which
he had been convicted, although necessary as preliminary to pronouncing judg-
ment, is no part of the judgment, and a mistake made by the clerk in the entry
of the statement on the minutes of the court does not invalidate the judgment;
and the power of the court to correct the mistake is not suspended by an appeal.

ID.— Where the mistake is merely clerical, and in no manner prejudicial to any
substantial right of the defendant, the judgment would not be reversed on
appeal even if the error had not been corrected.

APPEAL from a judgment of the Superior Court of Napa
County, and from an order made after judgment.

The facts are stated in the opinion of the court.

*Henry C. Gesford,* for Appellant.

*Attorney-General Marshall,* and *District Attorney Coombs,* for
Respondent.

McKEE, J. — Appeal from a judgment of death pronounced
against the defendant upon a conviction for murder in the first
degree, and also from an order made subsequent to the judg-
ment.   The assignments of error are that the court exceeded its
jurisdiction in making the order appealed from, and that it
misdirected the jury by the following instructions, namely:—

"1. You can find defendant guilty of murder in the first de-
gree, or guilty of murder in the second degree, or guilty of man-
slaughter, or you may render a verdict of not guilty; and it is
for you to decide which one of those verdicts you may render;
but if you do find the defendant guilty of murder in the first
degree, you have the discretion to determine the nature of his
punishment; and if in your sound judgment and discretion
there is any fact or circumstance in the case which ought to
mitigate the extreme penalty of death, you will by your verdict
indicate the same; but if you find no such mitigation in the
facts of the case, and think the death penalty should be inflicted,
you will simply find him guilty of murder in the first degree."

"2. No words of reproach, however grievous, are sufficient
provocation to reduce the offense of an intentional homicide with
a deadly weapon from murder to manslaughter."

Objection is made to the first instruction that the court in
saying to the jury, "but if you do find the defendant guilty of

murder in the first degree," etc., virtually announced that the defendant was guilty of that crime; and that by the other parts of the instruction the jury were improperly restricted in the exercise of their power of discretion to determine the punishment to be inflicted upon the defendant.

There was no assumption of the guilt of the defendant in the language employed by the court. The jury were properly directed that they could, upon the indictment, find the defendant guilty of any offense included within the crime for which he was indicted; but if they should find him guilty of the highest offense, namely, murder in the first degree, it would be their duty to decide whether he should suffer death or confinement in the State prison for life, and that was to be determined at their discretion. With this power of discretion a court cannot interfere. The jury should be left entirely free to act according to their judgment. If they see fit to exercise the power at all, they have the exclusive right to determine, within the limits prescribed by the law which gives them the power, the punishment for which the defendant ought to be sentenced. And we find nothing in the challenged instruction which limited or restrained them in the exercise of that power.

The second instruction was applicable to the case, and was a correct explanation of the law of the subject to which it related. (*The People* v. *Turley*, 50 Cal. 470; *The People* v. *Butler*, 8 Cal. 435; Wharton's Criminal Law, 368.)

The question upon the appeal from the order made after judgment arises out of the following facts:—

The indictment charged that the murder was committed on the 26th day of November, 1882. Of that crime the defendant was convicted, and upon the conviction, judgment of death was regularly pronounced.

But the clerk, on making up his minutes of the proceeding in court when the defendant appeared for sentence, entered, as part of the proceeding, that the court informed the defendant "of the indictment found against him for the crime of murder committed on November 26, 1883." This entry did not express the fact; and, after discovering the mistake which had been made, the court, upon notice to defendant and his counsel, ordered the entry to be corrected by changing the figures "1883" to "1882,"

so as to express the truth. The order to that effect was made March 12, 1883. Meantime the appeal had been taken from the judgment; and it is contended that the court had no jurisdiction, pending the appeal in this court, to make the order.

But the true statement, which was made by the court to the defendant, of the nature of the charge made against him, and of which he had been convicted, although necessary as preliminary to pronouncing judgment (§ 1200, Pen. Code), was no part of the judgment pronounced; and a mistake made by the clerk in the entry of the statement on the minutes of the court would not invalidate the judgment. The mistake was, therefore, one which could be corrected at any time, while the record of the case was subject to the physical control of the court, so as to make the record speak the truth. The power of the court in that regard was not suspended by the appeal. (*Rousset* v. *Boyle*, 45 Cal. 64; *Sheldon* v. *Gunn*, 57 Cal. 40; *Boyd* v. *Burrel*, 60 Cal. 284.)

Besides, as the defendant was sentenced for the crime for which he had been indicted and convicted, by a judgment regularly pronounced, the error as to date in the entry referred to would be so evidently a mere clerical mistake, which in no way prejudiced the defendant in any substantial right, that the judgment itself would not be reversed, even if the error had not been corrected. (§ 1404, Pen. Code; *People* v. *Sprague*, 53 Cal. 491; *People* v. *Gilbert*, 57 Cal. 96; *People* v. *Brotherton*, 47 Cal. 338; *People* v. *Colby*, 54 Cal. 37.)

Judgment and order affirmed.

Ross, J., SHARPSTEIN, J., MYRICK, J., and THORNTON, J., concurred.