[No. 20528. In Bank. — August 3, 1889.]

THE PEOPLE, RESPONDENT, *v.* JOHN OLSEN ET AL., APPELLANTS.

APPEAL — REVIEW OF OBJECTION TO EVIDENCE — INSTRUCTION ACKNOWLEDGING ERROR. — The appellate court will not consider a ruling upon an objection to evidence in the absence of the evidence; nor will an instruction acknowledging error, and directing the jury to disregard the evidence, be ground of reversal, it not appearing in the absence of the evidence that the error was harmful, or affected a substantial right.

CRIMINAL LAW — HOMICIDE — CONSPIRACY — MURDER IN COMMISSION OF FELONY — PRESUMPTION OF INTENT. — An instruction upon a trial for murder, that if a number of persons conspire together to commit another felony, and one of them commits murder in pursuance of the common design, it is murder in all, although one only may have inflicted the fatal blow, the others being present aiding and abetting, and that in such cases the law superadds the intent to kill to the original felonious intent, states the law correctly, and must be considered as applicable to the case, if the

record does not disclose the evidence. A homicide committed in an attempt to commit a felony is murder, whether the homicide be one of the class enumerated in section 189 of the Penal Code or not, and whether the felony was committed or attempted as the result of a conspiracy or not; and in every such case the law superadds the felonious intent to the act of killing.

Id. — Discretion of Jury — Instruction — Duty of Defendant to Ask Instruction. — An instruction that if the jury find the defendant guilty of murder in the first degree, and also find that there is some extenuating fact, it is within their discretion to relieve the defendant from the extreme penalty of the law, though open to criticism in not specifying the death penalty, and in not specifically instructing what verdicts they are authorized to return, is not erroneous or misleading. If counsel for defendant desired a more specific charge on the subject, they should have asked for it, and if they did not do so, the responsibility must rest with them.

Appeal from a judgment of the Superior Court of El Dorado County.

The facts are stated in the opinion of the court.

*Irwin & Irwin, J. G. Carpenter,* and *Prentiss Carpenter,* for Appellants.

*Attorney-General Johnson,* for Respondent.

Works, J.—The appellants were convicted of the crime of murder, and sentenced to death.

The evidence is not before us, the appeal being on the judgment roll.

Counsel for appellants contend that certain evidence was improperly admitted, and claim that we can consider the action of the court in overruling their objection thereto, in the absence of the evidence, because it appears from the instructions of the court that the jury were thereby directed not to consider the same. But the fact that the court, in effect, acknowledged its error in admitting the testimony, by thus instructing the jury, cannot justify a reversal of the case. So far as we know, the court below may have been right in its first ruling, and wrong in directing the jury not to consider the evidence. But if this were not so, it is not enough for the

appellants to show error. It must appear to have been an error affecting their substantial rights. It may be that the evidence was not only not harmful to them, but that it was beneficial. We may fairly assume this to be so as against an appellant who does not bring up the evidence for our inspection.

The court charged the jury as follows: "If a number of persons conspire together to commit a felony, and take the life of another person in the prosecution of the common design, it is murder in all, although only one may have inflicted the fatal blow, the others being present aiding and abetting. In such homicides, the law super-adds the intent to kill to the original felonious intent, and estops the criminal from denying the further intent thus imputed. The thing done having proceeded from a corrupt mind is to be viewed the same, whether the corruption is of one particular form or another."

The appellants contend that this instruction was erroneous.

It is stated in the instructions that evidence had been introduced for the purpose of showing that the defendants had entered into a conspiracy to commit the crime of grand larceny in stealing and driving away horses and mules claimed to have been in the possession of the deceased, and that in carrying out the conspiracy, for the purpose of accomplishing its object, one or more of the defendants killed the deceased. What the evidence was, or what it proved, or tended to prove, we do not know, as the evidence is not in the record, and in the absence of such knowledge, we do not know that the instruction was wrong, conceding that it would have been wrong in any state of the evidence.

We do not clearly understand counsel's objection to the instruction, and for that reason give it in full: "The defendants were being tried for the crime of murder, and not for that of grand larceny, and the instruction was given for the purpose of showing their liability as

conspirators, and in this respect it was erroneous. What the court intended to say was, that if a number of persons conspire together to commit a felony, and in the prosecution of the common design take the life of another person, etc., and so it must read. In order to make one person liable as a conspirator for the acts done by another, the act done 'must be the ordinary and probable effect of the wrongful act especially agreed on, so that the connection between them may be reasonably apparent, and not a fresh and independent product of the mind of one of the confederates outside of or foreign to the common design.'"

It is true, the defendants were not being tried for grand larceny or conspiracy; but the fact that the graver crime charged against them was the result of a conspiracy to commit another crime, and the attempt to carry it out, were material for the jury to consider. Conceding that the act done must have been the "ordinary and probable effect of the wrongful act especially agreed on," the evidence on which this instruction was founded may have shown that to have been the case. But whether it did or not, the instruction only goes to a case where the conspiracy to commit a felony, and the attempt to commit it, are shown, and the murder is committed *in the prosecution of the common design*, the blow being inflicted by one of the defendants, the others *being present aiding and abetting*. This conclusively shows that the court was not instructing the jury as to the presumption in the supposed case of counsel where the greater crime was, or might have been, " a fresh and independent product of the mind of one of the conspirators outside of and foreign to the common design." The instruction stated the law correctly. (Pen. Code, sec. 192; 2 Thompson on Trials, sec. 2204; *State* v. *Shelledy*, 8 Iowa, 485, 495, 505.)

Counsel claim that it is only in the class of homicides enumerated in section 189 of the Penal Code to which

the law *superadds the intent to kill.* In this counsel are mistaken.

The section referred to provides what shall constitute murder in the first and second degrees. The instruction relates to the *intent to kill.* The mere act of killing, and the circumstances surrounding it, may be, and may have been in this case, sufficient to show that the killing was intentional and felonious. But in order to show that the killing was such as to constitute the act murder, it was competent to show that it was done in the commission or attempt to commit a felony, whether such felony was committed or attempted as the result of a conspiracy or not. (*People* v. *Doyell,* 48 Cal. 94; *People* v. *Foren,* 25 Cal. 364.) And where the killing is the result of the commission or the attempt to commit a felony, whether it be one of those named in section 189 of the code or not, the law attaches the felonious intent accompanying the crime contemplated to the act of killing, and constitutes it murder. Thus in *People* v. *Foren, supra,* it is said: "The common law measures an act which is *malum in se* substantially by the result produced, though not contemplated, holding the doer of the act guilty of the thing done in the same manner as if it were specially intended, though not always guilty of the crime committed in the same degree. (Rutherford's Institutes, b. 1, c. 18, sec. 11.) On this principle, if one intending to murder a particular person attempts to shoot him, but missing his mark shoots another, or in an attempt to poison one another accidentally loses his life by means of it, it is murder in the first degree. (1 Bishop's Crim. Law, sections 255, 257.)"

And in *People* v. *Doyell, supra:* "To establish the malice aforethought, however, the specific intent to kill need not be proved. To constitute a crime, there must be a joint operation of act and intention. But the common law measures an act which is *malum in se* substantially by the result produced, though not contemplated,

holding the doer of the act guilty of the thing done in the same manner as if it were specially intended, though not always guilty of the crime committed in the same degree. (*People* v. *Foren,* 25 Cal. 365.) Whenever one, in doing an act with the design of committing a felony, takes the life of another, even accidentally, this is murder. (Acts of 1850, p. 220, sec. 25; 2 Bishop's Crim. Law, 741.) In such homicides the law superadds the intent to kill to the original felonious intent, and estops the criminal from denying the further intent thus imputed. The thing done, having proceeded from a corrupt mind, is to be viewed the same, whether the corruption is of one particular form or another. (Rutherford's Institutes, c. 18, sec. 9; 1 Bishop's Crim. Law, 411.)

"The amendment (of 1856) of the act of 1850 'concerning crimes and punishments' did not change the law of murder done in the attempt to commit a felony. It only prescribes a severer punishment where the murder is committed in the attempt to perpetrate arson, rape, robbery, or burglary (on account of the enormity of those offenses), than where it is committed in carrying out any other felonious design. . . . .

"But besides those committed in the perpetration of felonies, a large number of homicides have been adjudged murder, where the specific intent to take life does not appear or does not exist. Thus where the killing is involuntary, but happens in the commission of an unlawful act, which, in its consequences, naturally tends to destroy life, it is murder; so if the intent to kill is not made apparent, but the killing is unlawful, and not done in the heat of passion, or the specific intent to take life not appearing, all the circumstances show an abandoned and malignant heart. In these and in like cases, the malice aforethought is implied, the law attributing to the slayer the intent to kill, although such intent is not made manifest as a fact."

Another branch of the instruction, containing sub-

stantially the same enunciation of the law relating to the subject of conspiracy, is objected to on similar grounds, but for the reasons above given the instruction was not erroneous.

The court also gave the instruction found in full in *People* v. *Brick*, 68 Cal. 191, and counsel contend that this was error. It was expressly held in the case referred to that there was no error in the instruction. But the objection now made is, that the instruction was not sufficiently clear and specific in its announcement to the jury that if they found the defendant guilty of murder in the first degree it was within their province to relieve the defendant from the death penalty. The language used is: *"It is within your discretion to pronounce such a sentence as will relieve such defendant from the extreme penalty of the law."* The instruction is certainly open to criticism in this respect. In the trial of cases of this kind the court should carefully instruct the jury, not only that they have the discretion to relieve a defendant from the extreme penalty of the law, but they should be told, in specific terms, what verdict they are authorized to return, and the forms of the different kinds of verdicts should be stated, and such forms of verdicts prepared and sent out with the jury, allowing them to select the one agreed upon by them. But the jury were apprised of the fact here that they were not bound to return such a verdict as would result in the infliction of the death penalty. There was nothing in the instruction to mislead. If the counsel for defendant desired a more specific charge on the point, they should have asked it, and if they did not do so, the responsibility must rest with them. (*People* v. *Haun*, 44 Cal. 96; *People* v. *Ah Wee*, 48 Cal. 237; *People* v. *Collins*, 48 Cal. 277; *People* v. *Flynn*, 73 Cal. 511.)

We do not wish to be understood as holding that an entire failure to instruct on this subject, in this class of cases, would not be error. But where the court does instruct and call to the attention of the jury that it is

within their province to determine whether or not the extreme penalty shall be inflicted, and the instruction is not such as to mislead the jury, a defendant cannot be allowed to complain that the instruction was not sufficiently certain and specific, when the attention of the court below has not been called to it, and no more specific instruction has been asked for.

Judgment affirmed.

McFARLAND, J., SHARPSTEIN, J., PATERSON, J., THORNTON, J., and BEATTY, C. J., concurred.