[No. 20744.   In Bank.—July 14, 1891.]

## THE PEOPLE, RESPONDENT, v. CHARLES H. BAWDEN, APPELLANT.

CRIMINAL LAW — HOMICIDE — INSTRUCTIONS — "MALICE AFORETHOUGHT." — Upon the trial of a defendant charged with murder, an instruction to the jury that if they found the defendant murdered the deceased "willfully, deliberately, and with premeditation," then their "verdict should be murder in the first degree," is not erroneous because of omitting the element of malice aforethought, where the court had already instructed the jury that murder "was the unlawful killing of a human being with malice aforethought," and had given the statutory definitions of malice.

ID.— DISCRETION OF JURY AS TO PUNISHMENT — INSTRUCTIONS.— Instructions to the jury to the effect that if they found the defendant guilty of murder in the first degree, and also found some extenuating fact or circumstance, it was within their discretion to fix the punishment at imprisonment for life, but that if there were no extenuating circumstances, then they should impose the death penalty, is not erroneous as interfering with the discretion of the jury, though the practice of giving instructions upon that subject is not to be encouraged.

ID.— DEFENSE OF INSANITY — BURDEN OF PROOF — PREPONDERANCE OF EVIDENCE — REASONABLE DOUBT. — The burden is on the defendant asserting insanity to establish it by a preponderance of evidence, and instructions asked by him, to the effect that if the jury, upon the whole evidence, had a reasonable doubt of his sanity they should acquit, are properly refused.

ID.— PRELIMINARY EXAMINATION AND COMMITMENT — WAIVER OF OBJECTION — MOTION FOR NEW TRIAL — ARREST OF JUDGMENT.— The objection that there was no preliminary examination and commitment of the

defendant by a magistrate before the filing of an information is neither a ground of a motion for a new trial nor for a motion in arrest of judgment, and is waived if not taken by a motion to set aside the information upon the arraignment of the defendant.

ID.— REGULARITY OF PROCEEDINGS — JURISDICTION.— Where the preliminary examination and commitment of a defendant, and the information based thereon, are regular on their face, the court has full jurisdiction to try the case.

APPEAL from a judgment of the Superior Court of Humboldt County, from an order denying a new trial, from an order denying a motion in arrest of judgment, and from an order denying a motion to dismiss the information and all subsequent proceedings.

The facts are stated in the opinion of the court.

*Ernest Sevier,* and *J. N. Gillett,* for Appellant.

*Attorney-General Hart,* for Respondent.

MCFARLAND, J. — The appellant was convicted of murder in the first degree, and was sentenced to suffer the death penalty, and he appeals from the judgment, from an order denying a new trial, from an order denying his motion in arrest of judgment, and also from an order denying his motion " to dismiss the information and all subsequent proceedings."

1. The first contention of appellant is, that the court erred in giving the following instruction: " If you find from the evidence, and beyond a reasonable doubt, that, at the time and place mentioned in the information, the defendant did then and there willfully, deliberately, and with premeditation, murder one Lillie M.. Price, then your verdict should be murder in the first degree."

The main criticism of this instruction is, that it " leaves out the element of malice aforethought." But in this instruction the court was not giving a definition of murder. That it had done very fully in previous instructions, and had told the jury that murder was " the unlawful killing of a human being with malice aforethought,"

and had given the statutory definitions of malice. In the instruction under review, it was therefore not necessary to repeat the definition of murder. It is true that a court should be very careful in framing an instruction which concludes with the words "then your verdict should be murder in the first degree"; but in this instance the court merely said that such result should follow if the defendant *murdered* the deceased willfully, deliberately, and with premeditation. In this language no error can be detected. The code provides that such kind of murder is murder of the first degree. In the cases cited by appellant (*People* v. *Gibson*, 17 Cal. 283; *People* v. *Woody*, 45 Cal. 289; *People* v. *Ah Lee*, 60 Cal. 85) the jury had been instructed that from the mere *killing* of the deceased the law presumed murder in the first degree. In *People* v. *Hunt*, 59 Cal. 433, the court had given an instruction to the effect that if the deceased died from a wound inflicted by defendant with malice aforethought, the jury should convict him of murder; the appellant contended that the instruction should have informed the jury of which degree of murder the defendant should be convicted; and this court, of course, held that no such proposition should have been included in *that* instruction. None of the other cases cited are in point.

2. Appellant contends for a reversal on account of the instructions, given by the court, numbered 23, 24, and 25. By these instructions the jury were told, substantially, that if they found the defendant guilty of murder in the first degree, and also found some extenuating fact or circumstance, it was within their discretion to relieve him from the extreme penalty of death by fixing the punishment at imprisonment for life; but that if the evidence did not show such extenuating circumstance, then they should allow the death penalty to be imposed.

If the question here presented were a new one, there would be strong reasons for holding that by section 190

of the Penal Code the legislature intended to give to the jury the entire power of fixing the punishment in such a case, uninfluenced by the court; and that there is no warrant in the code for any distinction, in this regard, between one kind of murder in the first degree and another. But these instructions are literal copies of instructions given and approved by this court in *People* v. *Brick*, 68 Cal. 190. The same rule was also substantially stated in *People* v. *Jones*, 63 Cal. 168; and in *People* v. *Murback*, 64 Cal. 369, the language of the instructions approved was almost identical with that used by the court in the case at bar, although it may be said that in the Murback case the opinion of the court was hardly in consonance with the instructions approved. The same rule seems to have been approved in *People* v. *Olsen*, 80 Cal. 128.

Similar instructions have no doubt been given in other cases now on their way here by appeal; for it is to be observed that whenever a doubtful instruction has been approved by this court, it has generally been seized upon and injected into future cases. Great confusion would therefore occur if we should enter into a new examination of this question, and should come to a conclusion opposite to that heretofore reached. Moreover, as was said by the court, on another subject, in *People* v. *Myers*, 20 Cal. 520, "we do not think this question has practically so much importance as is sometimes attributed to it"; for a juror, exercising the responsibility of choosing between the imprisonment of a defendant and his death, will act upon his own discretion, and not upon that of another. Therefore we decline to reopen the question, and hold that the instructions, under the authorities, were not erroneous. It is to be hoped, however, that trial courts will not make further excursions into this doubtful domain.

· 3. The court gave some instructions on the subject of insanity, and refused others on the same subject asked

by appellant, and it is contended that the court erred in its rulings on that subject. It is unnecessary to consider these instructions in detail. They present this difference between the views of the court and those of appellant, viz.: The court instructed that the burden was on defendant of establishing insanity by a preponderance of evidence, while the appellant unsuccessfully requested the court to instruct that if the jury, upon the whole evidence, had a reasonable doubt of his sanity, they should acquit. The rule as stated by the court has always been held to be the law in this state; and in the recent case of *People.* v. *Travers*, 88 Cal. 233, we held that such rule was not disturbed by *People* v. *Bushton*, 80 Cal. 160, and subsequent cases. (See *People* v. *Travers*, 88 Cal. 233, and cases there cited.) There was therefore no error in the rulings of the court on these instructions.

4. Appellant seeks to avail himself of the alleged fact that there was no preliminary examination and commitment of defendant by a magistrate before the filing of an information, — 1. By a motion for a new trial; 2. By a motion in arrest of judgment; and 3. By a motion to set aside the verdict, and dismiss the proceedings for want of jurisdiction. As to the first, it is sufficient to say that the matter here presented is not one of the grounds of a motion for a new trial. (Pen. Code, sec. 1181.) As to the second, it is also true that it is not a ground for a motion in arrest of judgment under section 1185 of the Penal Code. If the point sought to be presented goes to the jurisdiction of the superior court, it could probably be made after verdict by appellant's third motion, under section 1012. But it is stated in the bill of exceptions that it is " admitted by counsel for defendant, upon and for the purpose of said motion, that said Charles H. Bawden, before the filing of the information against him, had a regular and legal preliminary examination before a committing magistrate, and was regularly committed, except as to the defendant's mental

condition during such examination, as set out and claimed in the affidavits in support of said motion hereinbefore set out, all of which affidavits are denied by the people." The bill contains several affidavits used on the motion, — some on behalf of appellant, and some on behalf of the people. Among others is the affidavit of the committing magistrate, from which it appears that the complaint against defendant was made February 10, 1890; that on March 10th defendant was brought before the magistrate and informed of his right to have counsel; that defendant asked to have a continuance until March 17th, and his request was granted; and that on said March 17th the preliminary examination was had. Some of the affidavits tend to show that at the examination defendant was in a state of great nervous excitement and mental derangement, and oblivious to what occured; others of the affidavits tend to show that this was not the fact, but that he was merely simulating or "putting on" an appearance of mental derangement.

These matters do not raise a question of jurisdiction. The preliminary examination and commitment, and the information based thereon, being regular on their face, gave full jurisdiction to the court to try the case. It was an "information after examination and commitment by a magistrate," within the provision of the state constitution. (*Ex parte McConnell*, 83 Cal. 558.) Moreover, a defendant, upon arraignment, may move to set aside the information, upon the ground "that before the filing thereof the defendant had not been legally committed by a magistrate"; and if the motion be not then made, the defendant is precluded from afterwards taking the objection. (Pen. Code, secs. 990, 995, 996; *Ex parte McConnell*, 83 Cal. 558; *Ex parte Moan*, 65 Cal. 218. See also *Hamilton* v. *People*, 29 Mich. 173; *People* v. *Coffman*, 59 Mich. 1.)

The foregoing are the main points discussed by appel-

lant, and there are no others necessary to be noticed. We see no error in the record.

The judgment and orders appealed from are affirmed.

GAROUTTE, J., SHARPSTEIN, J., HARRISON, J., PATERSON, J., and BEATTY, C. J., concurred.

DE HAVEN, J., concurring. — I concur in the judgment. I think the instruction referred to in the opinion of Mr. Justice McFarland, in which the jury were told what their verdict should be in case they found the defendant guilty of murder in the first degree, and without any extenuating circumstances, was correct. Such an instruction does not in any degree interfere with the discretion which is given the jury in this class of cases. This would be my view if the question were a new one. But as similar instructions have been many times approved by this court, after it has given the matter the careful consideration which cases involving the life of a person must always receive, I think the correctness of such a direction to a jury ought not to be considered an open question. The law on this point ought to be deemed settled. As to the other questions discussed in the opinion, I fully concur.