[Crim. No. 672. In Bank. — October 1, 1901.]

## THE PEOPLE, Respondent, v. BERT ROSS, Appellant.

CRIMINAL LAW — MURDER — INSTRUCTIONS — ABSENCE OF INTENTION TO KILL — REQUEST COVERED BY CHARGE. — Upon a trial for murder, it is not error to refuse an instruction applicable to the defendant's testimony, that if the jury should find from the evidence that at the time when the defendant assaulted the deceased he did not intend to kill him, they could not find the defendant guilty of murder in the first degree, where it appears that such requested "instruction was fully covered by the other instructions given in the charge of the court."

ID. — CAUSE OF DEATH — REQUESTED INSTRUCTION INAPPLICABLE TO EVIDENCE. — Where there was no evidence which would authorize the jury to find that deceased came to his death by reason of any neglect or unskillful treatment on the part of the surgeons, a requested instruction upon that subject was properly refused.

ID. — DISCRETION OF JURY AS TO PENALTY — CONTROL BY INSTRUCTION IMPROPER — REASONABLE DOUBT. — The discretion given to the jury by section 190 of the Penal Code, in determining the penalty for murder in the first degree, is to be exercised upon their own consideration of the evidence, without other instruction than to call the attention of the jury to its provision. Their discretion cannot be controlled by instructions presenting reasons for its exercise in one mode rather than another; and a requested instruction, that in case of their finding murder in the first degree, they should, in their discretion, as to fixing the penalty therefor, give the defendant the benefit of a reasonable doubt, in favor of imprisonment for life, rather than the death penalty, was properly refused.

ID. — INDICTMENT — CIRCUMSTANCES OF OFFENSE. — An indictment sufficiently charging the defendant with the crime of murder is not impaired by the manner in which the facts constituting the crime, or the circumstances under which it was committed, are subsequently stated therein.

ID. — MOTION TO SET ASIDE VERDICT — MISCONDUCT OF JURY — NEWLY DISCOVERED EVIDENCE — CONTINUANCE FOR AFFIDAVITS NOT SUPPORTED. — Where the defendant, upon an adjourned day for pronouncing judgment, moved to set the verdict aside for misconduct of the jury, and for newly discovered evidence, and asked for a continuance for a reasonable time in which to procure affidavits of witnesses upon both grounds, but presented no affidavit whatever in support of the motion, the continuance was properly refused.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Graves & Graves, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

HARRISON, J.—The appellant was convicted of murder in the first degree, and sentenced to suffer the punishment of death. At the trial, the evidence disclosed the following facts connected with the homicide: The defendant had been convicted of a felony in the superior court of San Diego, and sentenced to imprisonment in the state prison at Folsom, and was being taken thither upon the steamship Santa Rosa, in the custody of W. J. Ward, a deputy sheriff of that county. While the steamer was lying at the wharf at Port Harford, the defendant formed the purpose of escaping from the custody of the officer, and in pursuance thereof, while they were alone in a stateroom on the steamer, took up a water-bottle, with which he struck the officer several times upon the head, with such force as to break the skull and injure the brain, to such an extent as to render him senseless, and cause his death a few days afterwards.

The defendant was a witness in his own behalf, and testified that he struck the officer with the bottle several times with the intention of knocking him senseless, so that he might escape, but that he had no intention of killing him; that the officer was sitting in a chair when he struck him the first time; that he then jumped up and grabbed the defendant's hand, whereupon the defendant struck him again, and then pushed him back into the chair, and hit him several times after he had sat down. The defendant asked the court to instruct the jury as follows: "If you find from the evidence that at the time defendant assaulted the said Ward, he did not intend to kill said Ward, you cannot find the defendant guilty of murder in the first degree." The refusal to give this instruction is assigned as error. The court had previously instructed the jury that if they were satisfied from the evidence, beyond a reasonable doubt, that the defendant killed Ward, they "must ascertain his intent, and whether the killing was willful, deliberate, and premeditated, from the conduct of the defendant, his motive, if any he had, for committing the act, and all the

circumstances connected with the commission of the act, as shown by the proof," and at the request of the defendant had given the following instruction: "If the jury are satisfied, beyond a reasonable doubt, that defendant caused the death of said Will J. Ward, but that at the time defendant struck said deceased he only intended to stun him, as to enable defendant to escape from the custody of said deceased, and that said defendant did not intend to kill said deceased, you must acquit defendant of murder in the first degree." The instruction refused by the court was thus fully covered by the instructions already given, and the court did not err in its refusal. Other objections to the instructions of the court are assigned as error, but the instructions, as a whole, are fully as favorable to the defendant as, under the evidence, he was entitled to have given to the jury.

There was no evidence before the jury from which they would have been authorized to find that the deceased came to his death by reason of any neglect or unskillful treatment on the part of the surgeons, and the court very properly declined to give the instruction therefor asked by the defendant.

The court did not err in refusing the instruction asked with reference to the consideration by the jury of the testimony given by the defendant. (*People* v. *Winters*, 125 Cal. 325.) Neither did the court err in refusing to instruct the jury, that if they should believe from the evidence, beyond a reasonable doubt, that the defendant was guilty of murder in the first degree, and yet should entertain a reasonable doubt, in the exercise of their discretion, as to whether the penalty to be imposed should be death, or only imprisonment for life, they should find the defendant guilty of murder in the first degree, with imprisonment for life only. The discretion which is given to the jury by section 190 of the Penal Code, in determining whether a person whom they find guilty of murder in the first degree shall suffer death, or imprisonment in the state prison for life, is a discretion to be exercised upon their own consideration of the evidence, and without any instruction from the court as to the grounds or reasons for the mode in which they shall exercise it. (*People* v. *Leary*, 105 Cal. 486.) It has been held not to be error to call the attention of the jury to this provision of the Penal Code, but it has never been held that it would be proper for the court to attempt to control

their exercise of this discretion, by presenting to them reasons for exercising it in one mode rather than in another.

The indictment sufficiently charged the defendant with the crime of murder. This sufficiency is not impaired by the manner in which the facts constituting the crime, or the circumstances under which it was committed, are subsequently stated therein.

The verdict of the jury was rendered May 5, 1901, and at that time May 15th was fixed as the day for pronouncing judgment. This time was afterwards continued until May 23d. On that day the defendant moved to set aside the verdict, upon the grounds, among others, of misconduct of the jury and of newly discovered evidence. After this motion was made, but before argument thereon, the defendant asked the court for a continuance, and that he be given reasonable time to procure the affidavits of witnesses as to such newly discovered evidence, and misconduct of the jury. The bill of exceptions recites, "that no affidavit by the defendant, or by any one on his behalf, of any kind, or at all, were presented to the court in support of said motion for a continuance, showing any fact whatever in regard to said alleged newly discovered evidence, or that said verdict was decided by lot, and by means other than a fair expression of opinion on the part of the trial jurors, and no showing of any kind whatever was made in support of said motion for a continuance." Under these circumstances the court very properly refused to grant the continuance. The defendant was not entitled to have time within which to procure such affidavits, unless he should at least give to the court reasonable grounds for his belief that the affidavits could be obtained, and that they would show matter entitled to be considered upon the motion to set aside the verdict.

The judgment is affirmed.

Garoutte, J., Van Dyke, J., McFarland, J., Temple, J., and Beatty, C. J., concurred.

Rehearing denied.