Jones, J.
In respect to the right of the jury to recommend mercy the trial court charged them that *414 it was their duty, in the event they found the defendant guilty of murder in the first degree, as charged in the indictment, “to consider and determine whether or not, in view of all the circumstances and facts leading up to, and attending the alleged homicide as disclosed by the evidence, you [they] should or should not make such recommendation.”
The Ohio statute, touching upon that subject, is as follows:
“Sec. 12400. Whoever, purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery or burglary, kills another is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused recommend mercy, in. which case the punishment shall be imprisonment in the penitentiary during life.”
It is now urged that the trial court erred in limiting the jury’s discretion to recommend mercy to “the circumstances and facts leading up to, and attending the alleged homicide as disclosed by the evidence.” And the claim is made that by the foregoing statute this discretion is unlimited and unrestricted; that it is committed to the jury as a gift and may be exercised irrespective of what the testimony may disclose; that, while the jury may consider the evidence in the exercise of this discretion, they are not required to do so, but may disregard the evidence entirely, if they see fit, in withholding or making the recommendation for mercy.
*415 On the other hand it is claimed by the state that while the discretion of the jury may be unrestricted and absolute, it must be exercised only in view of the evidence and must be confined to the facts and circumstances produced or lacking in the trial of the case. When the jury is impaneled and sworn it is presumed that the panel is composed of impartial jurors. For the purpose of the trial the juror is presumed to obtain his knowledge entirely from the facts and circumstances related or observed on the trial of the cause. The juror is not presumed to and should not exercise his convictions upon anything that he has heard outside of the case, but should confine himself entirely to the evidence, or lack of evidence, as the case may be, in rendering his verdict. Flis oath requires him to “well and truly try, and true deliverance make, between the state of Ohio and the prisoner at the bar.” Under this criminal section of the Code (Section 13656) he is required to make true deliverance between the state of Ohio and the prisoner at the bar in two respects. First, he is required to determine by his verdict whether the accused is guilty of murder in the first degree; and, second, if so, whether he shall escape the punishment of death by a recommendation of mercy. These two vital questions are submitted for the juror’s determination, and how is it possible for him to make true deliverance as required by his oath except from the case that may be presented to him upon trial ? The juror is supposed to exercise the knowledge that he obtains as a juror. If the contention of the plaintiff in error is sound, the jury may ignore the evidence in its en *416 tirety and confine themselves to what they may have heard outside of the case, from hearsay or from newspaper reports; or permit themselves to be governed by some whim or caprice. The contention of counsel for the accused would permit each member of the panel to qualify the sentence, otherwise placed upon the accused, not by what he may have heard upon the trial, but by reason of a conscientious scruple against inflicting the death penalty. This could not have been the purpose of the legislature, because Section 13653, General Code, provides that the following shall be a sufficient cause for challenge to a person called as a juror on an indictment: “Third. In indictments for a capital offense, that his opinions preclude him from finding the accused guilty of an offense punishable with death.”
It is submitted further, that, if the argument of counsel for plaintiff in error is sound, defendant could ask the court to instruct the jury, as a matter of law, that they had a right to qualify their verdict by recommending mercy, “no matter what the evidence may be.” This form of instruction was asked for and declined by the trial court in the case of Winston v. United States, 172 U. S., 303, a case to which we shall later allude.
The question here presented has been discussed and decided in many jurisdictions which have a statute very similar to ours, permitting the jury to qualify their verdict in capital cases by a recommendation of mercy. We shall now refer to a few of those cases, including some of those cited by the plaintiff in error.
*417 In Inman v. State, 72 Ga., 269, where a similar statute was involved, the trial court instructed the jury as follows: “If you find him guilty, and the case be one in which you think you are justified in doing so, the facts and circumstances justify you in doing so, you -can say in your verdict that ‘we recommend that he be imprisoned in the penitentiary for life.’ ” This instruction was affirmed by the supreme court of Georgia.
Again in the case of State v. Melvin, 11 La. An., 535, wherein a similar statute was involved, it appears that the instruction of the trial court went very, far in limiting the discretion of the jury, by suggestions that they should not exercise the pardoning power. For that reason the supreme court of Louisiana reversed the case, but held: “The qualification of the verdict in capital cases should be left where the law has left it, to the sound discretion of the jury, upon the facts of the case, guided by a sense of their solemn responsibility — which is to do their whole duty to the State as well as to the accused.”
The Louisiana case was cited by the United States supreme court in Winston v. United States, supra. In Cyrus v. State, 102 Ga., 616, the trial court, after saying to the jury that their discretion to recommend was not limited or circumscribed, added the following instruction: “If you think this is a case in which you would be justified in recommending a life imprisonment in the event of your finding the defendant guilty, you have a right to make such recommendation, as it is for you to say, *418 in the event of your finding the defendant guilty, whether the facts and circumstances in this case warrant you in making such recommendation.” While the supreme court of Georgia criticized the words “justified” and “warrant” the instruction was nevertheless approved and the conviction affirmed. This case is also cited by Justice Gray' in Winston v. United States, supra.
Under a similar statute in People v. Bawden, 90 Cal., 195, the court instructed the jury, substantially, that if they found the defendant guilty of murder in the first degree, and also found some extenuating fact or circumstance, it was within their discretion to relieve him from the extreme penalty of death by fixing the punishment at imprisonment for life; but that if the evidence did not show such extenuating circumstance, then they should allow the death penalty to be imposed. It will be seen that this instruction confines the right of the jury to qualify their verdict to the one fact, that extenuating circumstances were or were not shown by the evidence. In that case the supreme court of California did say that if the question there presented were a new one it might hesitate to affirm the conviction. However, the instruction named was approved. That case was also referred to by Justice Gray in Winston v. United States, supra.
The foregoing cases are here cited chiefly because the plaintiff in error relies, for reversal, upon the case of Winston v. United States, supra. In that case there were three indictments for murder under consideration. There, an act of congress provided that in a case where the accused was found guilty *419 of the crime of murder or rape the jury might qualify their verdict by adding thereto “without capital punishment,” and that whenever the jury should return such a verdict the person convicted should be sentenced to imprisonment at hard labor for life. An examination of the case will disclose that the convictions were reversed because the trial court limited the discretion to recommend the less extreme sentence to cases where the jury were of the opinion that there were palliating or mitigating circumstances. That this is true is disclosed by the opinion, which declares that “The authority of the jury to decide that the accused shall not be punished capitally is not limited to cases in which the court, or the jury, is of opinion that there are palliating 'or mitigating circumstances. But it extends to every case in which, upon a view of the whole evidence, the jury is of opinion that it would not be just or wise to impose capital punishment.”
The doubt existing in the minds of some judges commenting upon this case arises from the opinion of Justice Gray, wherein he suggests that “considerations of age, sex, ignorance, illness or intoxication, * * * or an apprehension that explanatory facts may exist which have not been brought to light, or any other consideration whatever,” should be allowed weight in deciding the question whether they should recommend mercy. But, undoubtedly, when, he used the-words “explanatory facts may exist which have not been brought to light, or any other consideration whatever,” they applied to those considerations and explanatory facts which were not brought to light *420 upon the trial; for the Justice had, in the preceding sentence, just expressed the opinion that the authority of the jury “extends to every case in which, upon a view of the whole evidence, the jury is of opinion that it would not be just or wise to impose capital punishment.” That this is the holding of the high federal court is shown by the fact that counsel for Strather, one of the defendants, requested the trial judge to give the following instruction: “In case the jury find the prisoner guilty of murder, they are instructed that they may qualify their verdict by the words ‘without capital punishment,’ no matter what the evidence may be.” The judge declined to give that instruction, and the disposition of the case clearly shows that the reversal was not made because of the refusal to give that instruction, but because the trial court limited the consideration of the jury merely to the fact whether such palliating or mitigating circumstances existed as would authorize them to impose the lesser punishment.
Without unnecessarily extending this opinion, we call attention to the following cases as authority for the principle that the discretion of the jury to recommend or withhold mercy is limited entirely to the evidence in the case:
In Valentine v. State, 77 Ga., 470, the court charged, “Then, if you convict him, it is for you to say whether the facts of the case, whether all the circumstances, warrant you in recommending him to the mercy of the court.” This is held not to be error.
*421 The same principle is announced in the following cases: People v. Rogers, 163 Cal., 476; Vann v. State, 83 Ga., 44; State v. Bates, 87 S. C., 431, and State v. Bethune, 86 S. C., 143. In the latter case the charge of the court was (page 153): “When shall the jury recommend a party to mercy? The Legislature gave the right, and the Legislature did not limit the power; they said whenever the jury sees proper under all the circumstances of the case, if they see any mercy in the circumstances; if the circumstances of the case satisfy the jury that the elements in the case reduce it from that bold and awful murder which merits death, then the jury may recommend the party to mercy.”
Counsel for plaintiff in error have cited a number of authorities in support of their contention that the discretion of the jury is. not only unlimited and absolute, but that they may recommend mercy, if they see fit, without regard to the evidence in the case. It is sufficient to say here that the decisions they cite are governed largely by the trial court attempting to influence the jury in their consideration of the question whether mercy should be extended or not. They cite but one case which is exactly in point. The criminal court of appeals of Oklahoma did announce the following principle, as appears in the syllabus in Vickers v. United States, 1 Okla. Crim., 452: “It is the duty of the trial court to instruct the jury that if they shall find a verdict of guilty of rape they may qualify their verdict by the words, ‘without capital punishment/ no matter what the evidence may be.” This case does not disclose what instruction was given by the court, but, in a single *422 sentence, merely announces the principle stated, upon authority of Winston v. United States, supra, which does not support the principle stated in the Oklahoma syllabus.
However, one case reported by this court, that of State v. Ellis, 98 Ohio St., 21, demands some consideration. This case is relied upon by counsel for plaintiff in error, and has resulted in confusing some of our lower courts. The following principle is announced in the syllabus of that case: “Whether or not a recommendation of mercy shall be made upon finding an accused guilty of murder in the first degree is a matter vested fully and exclusively in the discretion of the jury.” There is no intimation in the syllabus, or in the opinion, nor could there be any, that this discretion should be exercised dehors the evidence. That question was not considered nor could it be, because the only thing under consideration there was the examination of the jury upon a voir dire. That case, therefore, is not an authority in point here.
It may be true, and some courts so hold, that the function of a court, in permitting the jury to make a recommendation respecting mercy, is best fulfilled by simply giving the terms of the statute to the jury and informing them that the making or withholding of the recommendation is a matter entirely within their discretion. In such case, of course, it would be presumed that the jury would fulfill their duty from a consideration of the case as presented to them as sworn jurors. But in arriving at a determination with reference to this recommendation they should be guided by the evi *423 dence, or lack of evidence, as the case may he, as disclosed upon the trial. It would be a travesty upon justice were the jury permitted to ignore the evidence and rest their conviction upon their conscientious scruples against imposing capital punishment, or take into consideration facts which may have come to their knowledge while they were not acting in their capacity as jurors. That was not the purpose of the law.
We hold, therefore, that the trial court did not commit error in charging the jury as it did.
Error is also claimed because the' trial court permitted the prosecuting attorney to argue against the recommendation of mercy. It is sufficient to say here that since we have decided that the recommendation of mercy is to be made in view of the evidence disclosed, counsel then have the right to argue either for or against mercy, according to the facts and circumstances developed on the trial. This is a case wherein the state’s counsel were permitted to argue against the recommendation of mercy. The syllabus in the case of Jackson v. State, 63 Tex. Crim., 351, is as follows: “It is legitimate for State’s counsel to insist upon the infliction of the death penalty, where the evidence justifies it, but he must confine himself to the record.”
In the case of Shelton v. State, ante, 376, the court declined to permit the defendant’s counsel to argue in favor of a recommendation of mercy. That case was reversed for the reasons appearing in the opinion.
All that it is necessary to say in this case is that if counsel for the defendant have authority to-argue *424 to the jury in favor of the recommendation, counsel for the state have the same right to argue that this recommendation be withheld. These arguments, however, as in other cases, should be confined to the facts and circumstances disclosed or not disclosed -by the evidence.
Other errors were claimed in this record, but this court is of the opinion that there is no prejudicial error in view of the state of this record, and the judgments of the lower courts are, therefore, affirmed.

Judgments affirmed.

Marshall, C. J., Johnson, Hough and Matíhias, JJ., concur.