THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MORRIS MARDAVICH, Appellant.

Argued November 28, 1941; decided January 15, 1942.

*Nicholas Pecora, Newman Levy, J. Michael Solomon* and *William Goffen* for appellant. The trial court committed error in refusing to charge as to the burden of proof concerning a recommendation of life imprisonment. (*People* v. *Krauser*, 315 Ill. 485; *People* v. *Elmore*, 277 N. Y. 397; *People* v. *Ray*, 172 Misc. Rep. 1004; 282 N. Y. 680; *People* v. *Ertel*, 283 N. Y. 519; *McClatchey* v. *State*, 152 Pac. Rep. 1136; *Commonwealth* v. *Morgenthau*, 249 Penn. St. 139.)

*Thomas E. Dewey, District Attorney (Stanley H. Fuld and Isabel A. Basanta of counsel), for respondent.* The trial court's refusal to charge that the prosecution has the burden of proving that a defendant is not entitled to a recommendation of life imprisonment was proper. In any event, the appellant was not prejudiced. (*People v. Ertel,* 283 N. Y. 519; *People v. Ross,* 134 Cal. 256; *People v. Krauser,* 315 Ill. 485; *Bryant v. State,* 13 Ala. App. 206; *People v. Pryor,* 283 N. Y. 623; *People v. Thingstead,* 282 N. Y. 577; *People v. Lunse,* 278 N. Y. 303; *People v. Gati,* 279 N. Y. 631; *People v. Cole,* 285 N. Y. 838.)

LEHMAN, Ch. J. Morris Mardavich was indicted for murder in the first degree jointly with two other defendants. By the overwhelming weight of evidence the People proved that the homicide was committed while all the defendants were engaged in the commission of a felony. The jury found them guilty of murder in the first degree. It did not recommend life imprisonment as part of its verdict that the defendant Mardavich was guilty of murder in the first degree. It did so recommend as part of its verdict finding the other defendants guilty. Only the defendant Mardavich has been sentenced to death and he is the only defendant here.

In *People v. Hicks* (287 N. Y. 165), decided December 4, 1941, this court has laid down the rule that must be applied where a jury, finding a defendant guilty of murder in the first degree, is unable to agree whether it should recommend imprisonment for life as part of its verdict. Here the court refused a request to charge the rule substantially as it was formulated *thereafter* in the *Hicks* case. That is the only substantial ground that might be urged for a reversal of the judgment of conviction. We are of the opinion that other circumstances require us to disregard the error in this case.

After the trial judge had refused the request to charge to which the defendant was entitled he granted the following request: " I ask the Court to charge the jury that if they entertain a reasonable doubt as to whether or not the defendant Mardavich is entitled to a recommendation of

life imprisonment, they must resolve such reasonable doubt in the defendant's favor, and make such a recommendation."

The statute does not put upon the People the burden of proving that a defendant is not entitled to a recommendation of life imprisonment. The doctrine of reasonable doubt has no application to the determination of the punishment for crime where complete discretion is conferred upon the jury without definition, express or implied, of any measure or standard to be used by the jury. (*People* v. *Krauser*, 315 Ill. 485; *People* v. *Ross*, 134 Cal. 256; *People* v. *Ertel*, 283 N. Y. 519.) The charge so given is logically inconsistent with the refusal of the court to charge that there can be no verdict of guilty of murder in the first degree without a recommendation of life imprisonment where the jury has been unable to agree whether or not such a recommendation should be made. The charge given removes much of the possible harm which the refusal to charge may have caused.

True, if the court had expressly charged the jury in manner which we held error in the *Hicks* case, argument might be made that the error was not completely erased by the request to charge thereafter granted. Here there was no error in the charge as given. It was in accord with our ruling in *People* v. *Ertel* (*supra*). The error was in the refusal to charge the rule in the *Hicks* case and thus to amplify the charge previously given. Perhaps the refusal to charge may have been given in the presence of the jury and within its hearing, but it is conceded that it was not called to the attention of the jury. So little importance was ascribed to the refusal by the trial counsel that error there has not been asserted by counsel as a ground of reversal. Under these circumstances we conclude that it could not have affected the determination of the jury and should be disregarded under section 542 of the Code of Criminal Procedure.

The judgment of conviction should be affirmed.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment of conviction affirmed.