[Crim. No. 4507.   In Bank.   Feb. 1, 1944.]

THE PEOPLE, Respondent, v. DAN KOLEZ, Appellant.

Grover C. Julian for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

THE COURT.—An information was filed charging defendant with the murder of Roscoe Edward Sutton in Lassen County on December 25, 1942. Defendant pleaded not guilty and not guilty by reason of insanity. After trial, the jury returned a verdict finding defendant guilty of murder in the first degree, without recommendation. Defendant then moved to withdraw the insanity plea. The trial court informed defendant that as a result of the verdict there was no alternative except to pronounce the death sentence if he withdrew his plea of insanity. Defendant and his counsel assured the court that they fully understood the effect of the verdict and in response to the court's inquiry stated that they still desired to withdraw the insanity plea. The motion to withdraw the plea was thereupon granted and defendant was sentenced to death. He orally announced this appeal from the judgment.

Defendant is a cook by trade and at the time of the homicide was employed in a restaurant at Doyle, Lassen County. Deceased was a regular patron of the restaurant. He died from stab wounds in the abdomen inflicted by defendant while the two men were in the restaurant. There was no eyewitness to the scuffle which preceded the stabbing, but the restaurant proprietor heard the noise incident thereto, and, turning, saw the deceased bending over and the defendant holding a knife, which the proprietor took from him. Apparently the homicide resulted from defendant's jealousy over attentions shown by the deceased to a waitress in the restaurant.

No challenge is made as to the sufficiency of the evidence to support the verdict and judgment, and further statement of the facts surrounding commission of the homicide is therefore unnecessary.

Defendant's sole contention upon this appeal is that the trial court erred in giving the following instruction:

"If the Jury in this case should find the defendant guilty of murder in the first degree, and they also shall find the further fact that there are some extenuating circumstances or facts in the case, it is within their discretion to pronounce such a sentence as will relieve the defendant from the extreme penalty of the law. The Penal Code invests a Jury in a criminal case of murder with the discretion, limited to determining which of two punishments shall be inflicted, and is to be employed, only when the Jury is satisfied that the lighter

penalty should be imposed. If the evidence shows the defendant to be guilty of murder in the first degree, but does not show some extenuating facts or circumstances, it is the duty of the Jury to find a simple verdict of murder in the first degree, and leave with the law the responsibility of fixing the punishment.''

Defendant argues that this instruction is prejudicially erroneous as an attempt on the part of the trial court to circumscribe and control the discretion given to the jury in such cases by section 190 of the Penal Code, which reads: ''Every person guilty of murder in the first degree shall suffer death, or confinement in the state prison for life, at the discretion of the jury trying the same; . . .'' The trial court also gave an instruction in the language of the code section.

It has been held in a long line of decisions that the giving of an instruction similar to the one above quoted is not erroneous. (*People* v. *Jones,* 63 Cal. 168, 169-170; *People* v. *Murback,* 64 Cal. 369, 370 [30 P. 608]; *People* v. *Brick,* 68 Cal. 190, 191-192 [8 P. 858]; *People* v. *Olsen,* 80 Cal. 122, 128 [22 P. 125]; *People* v. *Bawden,* 90 Cal. 195, 197-198 [27 P. 204]; *People* v. *Rogers,* 163 Cal. 476, 483-484 [126 P. 143]; *People* v. *Harris,* 169 Cal. 53, 70 [145 P. 520]; *People* v. *Wolfgang,* 192 Cal. 754, 761-762 [221 P. 907]; *People* v. *Reid,* 193 Cal. 491, 496 [225 P. 859]; *People* v. *Casade,* 194 Cal. 679, 682-683 [230 P. 9]; *People* v. *Perry,* 195 Cal. 623, 640 [234 P. 890]; *People* v. *Craig,* 196 Cal. 19, 28 [235 P. 721]; *People* v. *Bollinger,* 196 Cal. 191, 207 [237 P. 25]; *People* v. *Arnold,* 199 Cal. 471, 500 [250 P. 168]; *People* v. *King,* 13 Cal.2d 521, 525 [90 P.2d 291]; *People* v. *Smith,* 15 Cal.2d 640, 651 [104 P.2d 510]; *cf. People* v. *Smith,* 13 Cal.2d 223, 228 [88 P.2d 682]; and see *People* v. *Welch,* 49 Cal. 174, 178.)

The judgment is affirmed.

TRAYNOR, J.—I dissent. Section 190 of the Penal Code in providing that the punishment for first degree murder is life imprisonment or death ''in the discretion of the jury'' imposes no limitation on that discretion. The Legislature did not distinguish between one kind of first degree murder and another, nor did it establish death as the ordinary punishment for first degree murder and life imprisonment as the exceptional one. The Legislature did not prescribe, nor did it authorize the court to prescribe, rules to govern which

punishment should be imposed but "confided the power to affix the punishment between these two alternatives to the absolute discretion of the jury." (*People* v. *Leary,* 105 Cal. 486, 495-496 [39 P. 24].) It thus left it to the jury to decide whether capital punishment should be invoked. "The authority of the jury to decide that the accused shall not be punished capitally is not limited to cases in which the court, or the jury, is of opinion that there are palliating or mitigating circumstances. But it extends to every case in which, upon a view of the whole evidence, the jury is of opinion that it would not be just or wise to impose capital punishment. . . ." (*Winston* v. *United States, Strather* v. *United States,* and *Smith* v. *United States,* 172 U.S. 303, 313* [19 S. Ct. 212, 43 L. Ed. 456], quoted in *People* v. *Bollinger,* 196 Cal. 191, 206 [237 P. 25]; see Bye, Capital Punishment, 17 Journal of Amer. Inst. of Crim. Law, pp. 234, 236.)

The trial court in the present case limited the jury's dis-

---

*"These cases involved the act of Congress of January 15, 1897, chapter 29, 29 Stats. at Large, 487, which reads in part: 'In all cases where the accused is found guilty of murder . . . the jury may qualify their verdict by adding thereto "without capital punishment"'; and whenever the jury shall return a verdict qualified as aforesaid the person convicted shall be sentenced to imprisonment at hard labor for life.' The juries in those cases were instructed in effect that their discretion was not an arbitrary one and that the qualification should be added to the verdict only in those cases showing palliating or mitigating circumstances. In condemning the instructions and reversing the judgments, the court said:

" 'The right to qualify a verdict of guilty by adding the words "without capital punishment," is thus conferred upon the jury in all cases of murder. The act does not itself prescribe, nor authorize the court to prescribe, any rule defining or circumscribing the exercise of this right; but commits the whole matter of its exercise to the judgment and the consciences of the jury. The authority of the jury to decide that the accused shall not be punished capitally is not limited to cases in which the court, or the jury, is of opinion that there are palliating or mitigating circumstances. But it extends to every case in which, upon a view of the whole evidence, the jury is of opinion that it would not be just or wise to impose capital punishment . . .

" 'The instructions of the judge to the jury, in each of the three cases now before this court, clearly gave the jury to understand that the act of Congress did not intend or authorize the jury to qualify their verdict by the addition of the words 'without capital punishment,' unless mitigating or palliating circumstances were proved.

" 'This court is of opinion that these instructions were erroneous in matter of law, as undertaking to control the discretionary power vested by Congress in the jury, and as attributing to Congress an intention unwarranted either by the express words or by the apparent purpose of the statute; . . .' '' (*People* v. *Bollinger,* 196 Cal. 191, 206-207 [237 P. 25].)

cretion in this respect by instructing it that "If the evidence shows the defendant to be guilty of murder in the first degree, but does not show some extenuating facts or circumstances, it is the duty of the jury to find a simple verdict of murder in the first degree, and leave with the law the responsibility of fixing the punishment." In disregard of the statute, the court usurped the power of the jury to determine the considerations that would govern its choice of one punishment or the other. Moreover it decided, without statutory authority, that death should be the ordinary punishment for first degree murder and life imprisonment the exceptional one. It thereby greatly reduced the chances of the jury's imposing the lesser sentence to the prejudice of the defendant. It was the duty of the jury to follow the court's instructions, and since it was not permitted to exercise the discretion plainly given it by the statute, there are no grounds for holding that a different result would have been improbable had the instruction not been given. (*People* v. *Putnam,* 20 Cal.2d 885, 892 [129 P.2d 367].) "The proper practice for the trial court is to refrain from giving any instructions which might have a tendency in the slightest degree to influence or control the discretion of the jury in its determination of the proper penalty in a case where the defendant is charged with murder in the first degree." (*People* v. *Martin,* 12 Cal.2d 466, 470-471 [85 P.2d 880].)

For over fifty years precedents have accumulated condemning such instructions, even though the court has fallen short of reversing judgments because of them. As early as 1891, in *People* v. *Bawden,* 90 Cal. 195 [27 P. 204], the court said, "It is to be hoped, however, that trial courts will not make further excursions into this doubtful domain." In 1912, when the instruction was challenged, the court declared that such an instruction was not error, but that "If the question presented were a new one, there would be strong reasons for holding in accord with defendant's claim." (*People* v. *Rogers,* 163 Cal. 476, 483-484 [126 P. 143].) In 1925, in *People* v. *Bollinger,* 196 Cal. 191, 207-209 [237 P. 25], the court expressed itself in more emphatic terms: "In our opinion, the trial court should never instruct the jury as to how the discretion should be exercised. . . . While we are satisfied that the giving of such instructions is opposed to the provisions of section 190 of the Penal Code, we are not prepared to

depart from the decisions on this point. . . . We have, however, gone into the subject in the hope, if not the expectation, that the practice of giving such instructions may be abated, thus giving assurance that the penalty reflects the decision of the jury alone. . . . And considering the number of times this court has held that section 190 confers on the jury alone the discretion of determining the punishment in cases of guilt of murder in the first degree, trial courts, especially where a human life is at stake, should not interfere with the discharge of that solemn duty by the jury.'' (See, also, *People* v. *Ross,* 134 Cal. 256, 258-259 [66 P. 229]; *People* v. *Martin, supra.*) In 1939, in *People* v. *Smith,* 13 Cal.2d 223 [88 P.2d 682], the court again declared that such an instruction violated Penal Code section 190, adding, ''Just why this and similar warnings by this court have not been observed by prosecuting officers and trial courts, we are at a loss to understand.'' It stated that such an instruction might be a ground for reversing the trial court, even though it concluded that under the facts of that case the possibility that the jury might have voted for life imprisonment was so remote that prejudice could not be assumed.

The court has thus been unwilling to overrule the cases holding that it is not error to give the instruction in question but has also been unwilling to hold that it is proper to give it. It has thus placed itself in the inconsistent position of tolerating the giving of an instruction that it condemns. It has sought to overcome this inconsistency by admonishing trial courts not to give the instruction. There can be no such middle ground, however. If the instruction is not erroneous it is quite proper for trial courts to give it and an unwarranted interference for this court to admonish them not to give it. If the instruction is erroneous it should be held to be so outright. The dilemma is not resolved but perpetuated when this court, in deference to precedent, sanctions an incorrect instruction and at the same time admonishes the trial court to cease giving it. The repeated disregard of such admonitions demonstrates that if the correct rule is to be applied, this court must join in its enforcement and reverse the judgments of trial courts that vitiate it. Disregard of admonitions of this court in the past has been held to indicate an attempt to influence the jury improperly and therefore to constitute ground for reversal. (*People* v. *Maughs,* 149 Cal.

253, 263 [86 P. 187]; *People* v. *Costello,* 21 Cal.2d 760 [135 P.2d 164]; see *People* v. *Ryan,* 152 Cal. 364 [92 P. 853].) There can be no justifiable reliance on decisions allowing this instruction in view of the repeated warnings by this court that district attorneys should not offer and trial courts should not give it. A decision that cannot properly be relied upon cannot serve to justify adherence to an interpretation it condemns. Nothing is gained and much is lost by insisting upon a mechanical adherence to precedent that perpetuates an admittedly erroneous interpretation of a statute and defeats the very purpose of the Legislature in enacting it.

Schauer, J., concurred.